IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

FILED

Feb. 21, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

**IKIE BRIGGS,**

     Appellant,

Vs.

Shelby Probate No. A-5342
C.A. No. 02A01-9603-PB-00052

**ESTATE OF ODESSA V. BRIGGS,**
Deceased.

     Appellee.

_____

FROM THE PROBATE COURT OF SHELBY COUNTY
THE HONORABLE LEONARD D. PIEROTTI, JUDGE

James D. Causey of Memphis
For Appellant

Robert L. Green; Neely, Green, Fargarson,
Brooke & Summers of Memphis
For Appellee

*AFFIRMED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

This is a will construction case. Respondent, Ikie Briggs, appeals from the order of the probate court construing the Last Will and Testament of Odessa V. Briggs in favor of the petitioner, Frances Duncan Briggs.

Odessa V. Briggs died on February 4, 1980, and her holographic will was admitted to probate on February 26, 1980. Her Last Will and Testament provides as follows:

> This is my last will & testament. I hereby revoke all former wills. At my death I request that all my just debts be paid out of my estate.
> Everything I possess at the time of my death I bequeath as follows
> Cash: To my grandsons Joe Briggs and Charles A. Briggs $3,000.00 each
> To my granddaughter Mrs. Karen Trainum $3,000.00.
> To Fisherville Baptist Church Cemetery endowment fund $1,000.00 for upkeep of the Briggs family graves. To Reid Cemetery fund $300.00. The Balance of Cash to be divided equally between my sons Ikie Briggs and Merle F. Briggs.
> All real estate (except for my ½ half Hays Crossing farm and all Pickwick property which they may sell and divide) I leave in trust to my two sons (Merle & Ikie) their lifetime. At their death to be divided equally between surviving heirs. They Merle & Ikie are to collect, divide and use all income from rents, timber & etc.
> I hereby appoint Merle Briggs my son, executor of my estate without the necessity of making bond or making any report or settlement with the Courts.
> (signed) Odessa V. Briggs

The real estate involved consists of 13 separate properties. The properties are valuable because of their income stream from rents and because of the value of the timber. After their mother's death, Merle and Ikie Briggs shared all of the income, rents, expenses, and taxes on the properties equally and both worked on the properties.

Merle Briggs died on June 27, 1993 leaving his wife Frances Duncan Briggs, the petitioner, and their children. Merle Briggs's will left his entire estate to his wife. Since the death of his brother, Ikie Briggs has taken the position that he is the sole life tenant entitled to all of the proceeds from the properties, and that Frances Briggs has no rights in the property until his death. Frances Briggs, on the other hand, asserts that Merle Briggs's share passed to her by virtue of Merle's will and that she stands in his place as a life tenant. The language of the will that is in dispute states, "All real estate . . . I leave in trust to my two sons (Merle & Ikie) their lifetime. At their death to be divided equally between surviving heirs."

On June 30, 1994, Frances Briggs filed a petition in the probate court entitled "Petition to Construe Provisions in Will and for Temporary Restraining Order." The petition alleges that the concurrent life estate left to Merle Briggs, Jr. and Ikie Briggs is to be measured by their two lives, and that the life estate will continue until the death of Ikie Briggs and then the properties

will vest in their heirs. Frances Briggs also alleges that there is an immediate threat to her legal interests that will result in irreparable damages because of Ikie Briggs's activities on the land. The probate court issued the temporary restraining order prohibiting Ikie Briggs from terminating or entering into any rental contracts or agreements and restraining him from cutting or selling any timber from the subject land.[1]

On August 18, 1994, Ikie Briggs responded to the petition and asserted that he is the sole remaining life tenant, and that he alone is entitled to all proceeds, rents, hunting rights and is entitled to cut and sell the timber. He avers that, upon his death, the property will be divided among his and Merle Briggs's surviving heirs.

After a bench trial, the probate court held in favor of Frances Briggs. The probate court found that "this clause is a clear, unmistakable and certain statement of Odessa V. Briggs's intent to devise a life estate to her two sons, Merle F. Briggs, Jr., and Ikie Briggs, which life estate is to continue until the death of Ikie Briggs, Merle F. Briggs, Jr., having predeceased his brother." The probate court further found that "the clear, certain and unmistakable intent of Odessa V. Briggs was that each of her sons was to share equally in the life estate and that upon Merle F. Briggs, Jr.'s death, his share was to pass to his heirs at law or under the provisions of his will until the death of Ikie Briggs, at which time, the life estate will terminate and all properties will then be divided equally between their surviving heirs."

Ikie Briggs appeals the order of the probate court and presents one issue for review: whether the probate court erred in its interpretation of the estate created by the Last Will and Testament of Odessa V. Briggs.

The construction of a will is a question of law for the court. *Presley v. Hanks*, 782 S.W.2d 482, 487 (Tenn. App. 1989). The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to it unless it contravenes some rule of law or public policy. *Third Nat'l Bank in Nashville v. First American Nat'l Bank of Nashville*, 596 S.W.2d 824, 828 (Tenn. 1980).

The testator's intention is to be ascertained from the particular words used in the will

---

[1]The record does not indicate that the restraining order was followed by an injunction, although there is some indication that the parties made some agreement regarding the escrow of rental payments and proceeds from timber cutting.

itself, from the context in which those words are used, and from the general scope and purposes of the will, read in the light of the surrounding and attending circumstances. *Presley*, 782 S.W.2d at 487. In construing a will it is necessary to look to the entire will and the testator's intention must be determined from what he has written and not from what it is supposed he intended. *Id*. at 488. A will should be construed to give effect to every word and clause contained therein. *Id*. at 489.

Ikie Briggs claims that he is entitled to be the sole life tenant, including 100% of the proceeds from the properties. Frances Briggs, on the other hand, argues that the clear intent of the will was for the sons and their heirs to be treated equally. In this case, it seems clear that Odessa Briggs wanted to treat her sons equally. She divided the balance of her cash between them equally. She allowed them to sell and divide her Hays Crossing farm and Pickwick properties. She wanted Merle and Ikie Briggs to collect and divide the income and rents from her property. It also appears that she wanted to treat her sons' heirs equally because she wanted the properties to be divided equally among the surviving heirs at the termination of the life estate. Therefore, we must interpret the nature of the estate created by the will grounded in the knowledge that Odessa Briggs intended equal treatment between her sons and their heirs.

The trial court found that Odessa Briggs devised a life estate in her properties to her two sons, Merle and Ikie Briggs. We agree. We believe that the language, "All real estate . . . I leave in trust to my two sons (Merle & Ikie) their lifetime," creates one life estate measured by both lives. In its Memorandum Opinion filed September 14, 1995, the trial court succinctly characterized the life estate in this case:

> "An estate to A during life and the lives of B and C, is cumulative, and will continue during the lives of all three." *Alexander v. Miller*, 54 S.W. 65, 81 (Tenn. 1871). Odessa's holographic will expressly stated that the estate was not to be divided equally between surviving heirs until "their death." This Court construes "their death" to mean both Merle's and Ikie's. Therefore, the life estate is limited by the lives of both Merle and Ikie and is now to remain intact until the death of Ikie.

Ikie Briggs argues that the clause, "At their death to be divided equally between surviving heirs," refers to the first point in time when both sons are deceased, which would make the death of Ikie Briggs the time for the properties to be divided equally between the surviving heirs. It is true that the surviving heirs cannot divide the properties equally between themselves until the death

4

of Ikie Briggs because the life estate remained intact after Merle Briggs' death and does not terminate until Ikie Briggs's death. However, this division deals with the remainder. A question still remains about the status of Merle Briggs's life estate of ½ interest in the property.

Once again, the trial court succinctly stated the issue, "[W]hether the entire life estate vests in Ikie upon Merle's death, or whether Merle's life estate passes to his heirs under the provisions of Merle's will measured by the life of Ikie." Ikie Briggs argues that an interest in a life estate is not inheritable. He relies on **Harwell v. Harwell**, 151 Tenn. 587, 271 S.W. 353 (1924), where the Court, quoting from 21 C.J. 938, said: "A life estate is not an estate of inheritance, but is a freehold, whether for the tenant's own life or for that of another person." 151 Tenn. at 598. This reliance is misplaced. The question pertaining to a life estate measured by the life of another was not before the Court; therefore, the language relied upon is dicta.

Frances Briggs argues that a life estate measured by two lives is an estate of inheritance and may be devised. We agree. In **Alexander v. Joseph Miller's Heirs**, 54 Tenn. 65 (1871), the Supreme Court stated, "[A]n estate in land for the life of another person is an estate of inheritance is such a sense as that it may be inherited by the heir." 54 Tenn. at 83. Under **Alexander**, a life estate held by A for the lives of B and C does not end until the death of B and C. The life estate held by A can be inherited by A's heirs and held until the death of B and C. The death of A does not end the life estate because the life estate is not measured by A's life. Therefore, A's interest is devisable until the death of B and C.

We believe that Merle Briggs could have sold his ½ share to any willing buyer, but that the buyer would have only had rights in the life estate until the death of both Merle and Ikie Briggs.[2] **See United States v. 654.8 Acres of Land**, 102 F. Supp. 937, 941 (E.D. Tenn. 1952). Because the life estate was measured by an additional life, Merle Briggs's life estate was devisable.

We also note that Odessa Briggs's will does not provide for the surviving life tenant to take the interest of the deceased life tenant for the remaining term of the life estate. T.C.A. § 66-

---

[2] The life tenant could not sell the interest in fee simple absolute because he or she does not own the interest in fee simple. A tenant for life cannot dedicate any interest in the fee. **McKinney v. Duncan**, 121 Tenn. 265, 274, 118 S.W. 683 (1908). A holder of a life estate can convey his interest in the land but cannot create a greater interest than which he owns. **Collins v. Held**, 369 N.E.2d 641, 647 (Ind. Ct. App. 1977).

1-107 (1993) provides:

> **66-1-107. Survivorship in joint tenancy abolished**. - In all estates, real and personal, held in joint tenancy, the part or share of any tenant dying shall not descend or go to the surviving tenant or tenants, but shall descend or be vested in the heirs, executors, or administrators, respectively, of the tenant so dying , in the same manner as estates held by tenancy in common.

Without any express provision in the will, there is no right of survivorship between the joint tenants, Ikie Briggs and Merle Briggs.

We hold that Frances Briggs is entitled to Merle Briggs's life estate until the death of Ikie Briggs, at which time the properties should be divided equally among the surviving heirs. The life estate owned by Frances Briggs, a life estate per autre vie (a life estate measured by the life of another) satisfies the intent of Odessa Briggs that the brother and the heirs share equally.

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**

6