IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs May 15, 2002 Session

## VIVIAN E. WARNER, ADMINISTRATRIX C.T.A. ESTATE OF MAUDE FRAZIER v. DEWEY FRAZIER , ET AL.

**Appeal from the Probate Court for Cumberland County**
No. 13203     Steven C. Douglas, Judge

FILED JULY 25, 2002

No. E2001-02126-COA-R3-CV

In this appeal Vivian E. Warner, Administratrix, *cum testamento annexo*, seeks a declaration by the Court as to the proper construction of two clauses in Maude Frazier's will. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., joined. CHARLES D. SUSANO, JR., filed a dissenting opinion.

C. Douglas Fields, Crossville, Tennessee, for the Appellants, Arlene Scudder; Patricia Flynn, Dorothy Owen, Nannie Mae Rice and Sylvia Cooke

Joe M. Looney, Crossville, Tennessee, for the Appellee, Mary Lou Underwood. No briefs were filed by the other Appellees

**OPINION**

The parties Defendant are the brother and sister of the deceased, who are specifically named in the complaint, and her nieces and nephews, who are not specifically named, although the brief of the Administratrix recites that all her nieces and nephews were served.[1]

---

[1]     No answers to the complaint were filed by any of the parties Defendant, although on the date of the hearing below--July 23, 2001--counsel for the appealing Defendants filed a notice of appearance on their behalf.

The provisions of the will, which the Administratrix seeks to have construed are the following:

IV

I give and bequeath the furniture, furnishings and all other personal items belonging to me and used in and about the home to my heirs now designated; to wit, my brother, Dewey Frazier, my sisters, Maggie Olson and Mary Lou Underwood AND ALL of my nieces and nephews as one family class.

V

I give the C.D.'s savings accounts and checking account in any bank to my brother, Dewey Frazier, my two sisters, Maggie Olson and Mary Lou Underwood, AND all of my nieces and nephews, equally, share and share alike. HOWEVER in event that any item or items not be taken the executrix is authorized to dispose of same as she deems best including giving any of same to another or to herself.

The only witness to testify was the attorney who prepared Ms. Frazier's will who, according to the narrative statement of evidence, testified as pertinent the following:

Mr. Hendricks was asked by the Administratrix C.T.A. if he believed that Ms. Frazier intended to divide the property in Articles IV and V into three (3) shares and he did not have an immediate response.

The Court propounded the same question to Mr. Hendricks at which time he confirmed that he believed that was what she intended.

The Trial Court, apparently relying upon the attorney's testimony, found that as to both clauses it was Ms. Frazier's intent her brother, Dewey Frazier, receive one-third, her sisters, Maggie Olson and Mary Lou Underwood receive one-third (each receiving one-sixth), and her nieces and nephews share equally in the other third.

Five of the nieces appeal, contending that under a proper construction of the will the Testatrix intended for her brother, her two sisters, and her nieces and nephews to share equally in the bequests under Sections 4 and 5. They also contend that the Trial Court was in error in construing the will in accordance with the testimony of the attorney who prepared it.

At the outset, we observe that construction of a will is a question of law and comes to this Court without any presumption of correctness. We also note that the Appellants correctly set forth in their brief guidelines for interpreting wills in this State:

"The construction of a will is a question of law for the court. The cardinal rule in construction of all wills is that the court shall seek to discover the intention

of the Testator and give effect to it unless it contravenes some rule of law or public policy. The testator's intention is to be ascertained from the particular words used in the will itself, from the context in which those words are used, and from the general scope and purposes of the will, read in the light of the surrounding and attending circumstances. In construing a will it is necessary to look to the entire will and the testator's intention must be determined from what he has written and not from what it is supposed he intended." *Briggs v. Estate of Briggs*, 950 SW2d 710, 712 (Tenn. Ct. App. 1997).

Turning to the issues on appeal, we agree with the Appellants, as to the second one, that what the attorney who prepared the will thought Ms. Frazier meant is not controlling absent any proof to support his thought, and for that reason we will disregard his testimony.

As to issue one, the Appellee's brief suggests there are three possible interpretations:

1.     Whether or not the funds are to be divided into three shares with one share passing to the brother, Dewey Frazier, one share to sisters, Maggie Olson and Mary Lou Underwood and one share passing to the nieces and nephews.

2.     Whether or not the funds are to be divided into four shares with one share each passing to the brother and two sisters and the fourth share divided among the nieces and nephews.

3.     Whether or not the funds are to be divided equally among the brother, two sisters and all the nieces and nephews.

As to Section 4, we believe a proper construction thereof would be to treat the brother and two sisters as family and the nieces and nephews as "One Family Class," resulting in the second construction set out above.

Although Section 5 does not speak of a family class in regard to the nieces and nephews, we think such a construction is appropriate. We reach a conclusion as to both Sections, partially upon the ground that had it been the intent for all the Beneficiaries to share equally, as insisted by the Defendants, it would have been very simple for the bequests to have been to "be equally shared by my brother, Dewey Frazier, my sisters, Maggie Olson and Mary Lou Underwood, and my nieces and nephews."

Moreover, we think it significant that as to in Section IV, the capitalized words "AND ALL" between the naming of her siblings and her nieces and nephews served as notice that they would be treated differently in the distribution of her estate. We also note that she likewise, under Section V, capitalized the word "AND" between her siblings and the nieces and nephews, resulting in the same inference.

It is our view of the will that a more likely case could be made that it was the intent of the Testatrix that the second possible interpretation above noted would be appropriate. However, Mary Lou Underwood, the only Appellee filing a brief in this case, requests that "the decision of the Trial Court either be affirmed or modified to grant the Appellee a one-fourth interest under Article 5 of the Decedent's will."

In light of this request and because we are disinclined to reduce the interest in the estate the nieces and nephews would inherit--one-third versus one-fourth--and none of the Appellees made a serious objection to our affirming the Trial Court's judgment, we affirm the judgment of the Trial Court as rendered.[2]

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Arlene Scudder, Patricia Flynn, Dorothy Owen, Nannie Mae Rice, and Sylvia Cooke and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

---

[2] We do note that this concession only addresses Section V. However, we conclude in light of the fact that the language of both Sections are practically identical and the fact that counsel makes no insistence relative to Section IV, its omission in the concession regarding affirmance was inadvertent.