IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 4, 2004 Session

**In Re:  ESTATE OF MURREY LOUIS WAKEFIELD, DECEASED;
AMSOUTH BANK AND JUDITH WAKEFIELD SANDLIN, CO-EXECUTORS,
LINDA WAKEFIELD MELVIN AND JUDITH SANDLIN
v.
ESTATE OF NANCY WAKEFIELD COLEMAN, TED R. BROWNING,
EXECUTOR, MICHAEL KURT WAKEFIELD, ELIZABETH CHEREE W.
ROSS, RENEE WAKEFIELD MACDONALD, NATHAN MURREY GREEN,
TIMOTHY LEWIS WAKEFIELD, DOUG SANDLIN, KEN MELVIN, AND
KRISTINA M. SANDFORD**

**An Appeal from the Probate Court for Davidson County
No. 94P-1917     Frank G. Clement, Jr., Judge**

_____

**No. M2003-02537-COA-R3-CV - Filed December 22, 2004**

_____

This case involves the construction of a will.  The will established a trust for the benefit of the decedent's children that provided income for eleven years.  At the end of the eleven year term, the trust was to be terminated and the trust assets distributed to the beneficiaries.  During the eleven-year term, one of the decedent's children died, leaving no spouse, children or surviving parent.  The beneficiary under the deceased child's will sued, seeking that child's share of the trust assets.  At issue was whether the trust assets vested in the beneficiaries when the testator died or when the trust terminated.  The probate court held that the decedent intended for the trust corpus not to vest in the beneficiaries until the trust terminated, and that the beneficiary under the child's will would not receive her share of the trust assets.  We affirm, finding that the language of the will indicates that the testator intended for the corpus of the trust to vest when the trust terminated.

**Rule 3 Appeal; Judgment of the Probate Court is affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S. and DAVID R. FARMER, J., joined.

Douglas J. Brown and Gary C. Shockley, Nashville, for the appellant Estate of Nancy Wakefield Coleman, Ted R. Browning, Executor.

Charles Trost, Joseph A. Woodruff, Stephanie J. Edwards, Nashville, for appellees Estate of Murrey Louis Wakefield, AmSouth Bank and Judith Wakefield Sandlin, Co-Executors, Linda Wakefield Melvin, and Judith W. Sandlin.

Daniel C. Paulus and Michael P. Dolan, Nashville, for additional respondents Michael Kurt Wakefield, Elizabeth Cheree W. Ross, Renee Wakefield MacDonald, Nathan Murrey Green, Timothy Lewis Wakefield, Doug Sandlin, Ken Melvin, and Kristina M. Sandford.

# OPINION

Murrey Louis Wakefield ("Wakefield") died testate in 1994, survived by four children: Nancy Wakefield Coleman, Michael L. Wakefield, Judith Wakefield Sandlin, and Linda Wakefield Melvin. Wakefield's fifth child, Timothy M. Wakefield, predeceased him, leaving two heirs: Nathan Murrey Green and Timothy Wakefield. Under Wakefield's will, the property in the residuary estate was made trust property. Utilizing that property, the will created the M.L. Wakefield Family Trust (the "Family Trust"). The trustees were directed to grant one share in the Family Trust to each of Wakefield's surviving children and one share of the Family Trust to be divided by the two children of Timothy M. Wakefield. The article of the will which established the Family Trust stated:

> If any child shall predecease me, then their heirs shall take *per stirpes*. In the event a child dies without heirs then their share shall be divided equally among my remaining children or their heirs *per stirpes*.

The will authorized that the co-trustees to distribute, at their discretion, up to 20% of the annual Family Trust income to each surviving child and 20% to the heirs of Timothy Wakefield. It stated that if any of the beneficiaries predeceased Wakefield:

> [T]hen income heretofore allocated to [the beneficiary who predeceased Wakefield] shall go to their heirs *per stirpes*. In the event that the beneficiaries shall die without heirs, then, and in that event, their share shall revert to the Family Trust and be divided equally among my remaining children or their heirs *per stirpes*.

The will provided that the Family Trust would terminate eleven years after Wakefield's death. Upon termination of the Family Trust, each beneficiary was to receive a bequest of either specified property or a specific amount of cash. After these bequests were made, the remaining Family Trust assets were to be distributed equally among the beneficiaries.

In January of 1997, the Probate Court of Davidson County gave co-executors of Wakefield's estate and co-trustees of the Family Trust permission to pay beneficiary Nancy Wakefield Coleman ("Coleman") a monthly advancement against her interest in the Family Trust. In total, Coleman received advancements of $236,373.49. Later that year, the co-executors of Wakefield's estate, the co-trustees of the Family Trust, and Trust beneficiaries Nancy Wakefield Coleman, Michael L. Wakefield, Judith Wakefield Sandlin, and Linda Wakefield Melvin filed a Petition for Construction

-2-

of Will and Instructions (the "1997 Petition"). The 1997 Petition asked the Probate Court to interpret Wakefield's will in such a way to hold that Coleman=s interest in the Family Trust had vested upon her father=s death in 1994. The 1997 Petition asked the Probate Court to hold that Coleman was entitled to 20% of the Family Trust income and a full share of the corpus upon termination of the Family Trust, and if Coleman died before termination of the Family Trust, her heirs or devisees would receive her share. The 1997 Petition was never set for a hearing or adjudicated and was later superseded by an amended petition.

Coleman died testate in 2002, before the Family Trust terminated. At the time of her death, Coleman had no surviving spouse or children. Coleman=s will devised her share of the Family Trust to a friend, Ted R. Browning, who was named as executor of her estate.

In 2003, Petitioner/Appellee, the co-executors of Wakefield's estate and the co-trustees of the Family Trust, along with the two surviving adult children, Linda Wakefield Melvin and Judith W. Sandlin,[1] filed an Amended, Restated, and Superseding Petition for Construction of Will (the A2003 Petition"). The 2003 Petition requested a construction of Wakefield's will holding that Coleman=s interest in the Family Trust did not vest until termination of the Trust. This was apparently intended to take the place of the still-pending 1997 Petition, and indeed advocated a construction of Wakefield's will that was contrary to the construction advanced in the 1997 Petition. Coleman=s estate filed a Motion for Judgment on Pleadings as to Construction of Will and asserted that Coleman=s interest vested at the time of Wakefield=s death.

Argument on the 2003 Petition and the Motion for Judgment on Pleadings was heard on September 5, 2003, and the Probate Court issued its ruling on September 29, 2003. The Probate Court construed Wakefield's will to provide that Coleman=s interest in the Family Trust did not vest until termination of the Trust. The Probate Court noted that A[t]he language used within the four corners of the Will reveals the intent of the Testator that the interests of his children and their descendants in the Trust will not become vested until the termination of the Trust." From that ruling, Coleman's estate ("Coleman's Estate") now appeals.

On appeal, Coleman's Estate asserts that the Probate Court erred in denying the Motion for Judgment on the Pleadings and argues that the plain language of the will demonstrates that Coleman's interest vested upon Wakefield's death.

In a will construction case in which there is no conflict in the evidence, the question on appeal is one of law and the scope of review is de novo with no presumption of correctness

---

[1] Additional respondents include Michael Kurt Wakefield, Elizabeth Cheree W. Ross, Renee Wakefield MacDonald, Nathan Murrey Green, Timothy Lewis Wakefield, Doug Sandlin, Ken Melvin, and Kristina M. Sandford. These additional respondents are the heirs of Wakefield's children who died after the 1997 Petition. Their brief incorporates all arguments from the Appellees' brief and adds only minor issues that have pretermitted by this decision.

accompanying the decision of the Probate Court. *In re Estate of Vincent,* 98 S.W. 3d 146, 148 (Tenn. 2003).

"The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to it unless it contravenes some rule of law or public policy." *Briggs v. Estate of Briggs*, 950 S.W.2d 710, 712 (Tenn. App. 1997) (citing *Third Nat'l Bank in Nashville v. First American Nat'l Bank of Nashville*, 596 S.W.2d 824, 828 (Tenn. 1980)). Therefore, we examine the disputed language in Wakefield's will in order to ascertain and effectuate Wakefield's intent.

The parties agree that construction of the will on this issue turns primarily on the language used in two provisions of the Articles of the will establishing the Family Trust. In discussing the shares of the Trust to be given to Wakefield's children, Article V, paragraph A.1 reads:

> My co-trustees shall take my residuary estate and establish the M.L. Wakefield Family Trust. My co-trustees shall establish one share in the Family Trust for each of my children or the descendants of a deceased child of mine. If any child shall predecease me, then their heirs shall take per stirpes. *In the event a child dies without heirs then their share shall be divided equally among my remaining children or their heirs per stirpes.* (Italics added.)

In discussing the allocation of the income from the Family Trust, Article VI, paragraph A.4 (g) reads:

> Should any of the aforementioned beneficiaries predecease me, then income heretofore allocated to them shall go the their heirs per stirpes. *In the event that the beneficiaries shall die without heirs, then, and in that event, their share shall revert to the Family Trust and be divided equally among my remaining children or their heirs per stirpes.* (Italics added.)

Coleman's Estate asserts that the term "predecease me" in both of the relevant paragraphs carries through to the following italicized sentence, so that the italicized sentences explain what is to happen if a beneficiary dies both before the testator and without issue. Coleman's Estate argues that Wakefield could have made the italicized sentences read "die without heirs *at any time*;" since he did not, his failure to do so suggests that he was referring in both sentences to a child who predeceased him. Under this construction, Coleman's interest would have vested at the testator's death because she did not predecease him. Coleman's Estate maintains that this interpretation is consistent with Wakefield's intent, evident in the will overall, to treat his children equally upon his death, and not make his gifts to them conditioned upon their survival eleven years after his death.[2]

---

[2]Coleman's Estate refers to other sections of the will that purportedly support an early vesting construction. However, these sections relate specifically the minor beneficiaries; they do not relate to the sections at issue and this argument is therefore without merit.

Coleman's Estate cites *Meachum v. Graham*, 39 S.W. 12 (Tenn. 1897), and *Bible v. Ballard*, 1984 Tenn. App. LEXIS 2728 (Tenn. App. Mar. 6, 1984), in support of its argument. The Estate asserts that, under *Meachum*, when a devise of property takes effect immediately after death of a testator, a limitation based on the contingency of the first taker's death refers to the death of the first taker in the testator's lifetime. Under this principle of construction, when a testator has not made his intention clear, the ambiguity is resolved by the presumption that "death without issue" refers to the death of the beneficiary without issue during the testator's lifetime. *Meachum*, 39 S.W. at 15.

In **Meachum**, the testator devised a portion of his property to his daughter to be held in trust for her until she reached age twenty-one. *Id*. at 12. If she reached age twenty-one and was unmarried, then her devise was to be paid to her directly. *Id*. If the daughter later married, then her devise was to go back into a trust for her benefit. *Id*. In either event, if the daughter died without issue, her share of the estate would then go to the testator's other children. *Id*. The testator's sons filed a lawsuit, seeking to have the daughter's interest declared a life estate only. *Id*. at 13. The daughter, who had reached age twenty-one and was unmarried, countered that her interest was in fee simple. *Id*. The **Meachum** court held that the daughter's interest was fee simple because the testator "cannot be presumed to intend to cut down a fee *already given* by prior provisions under the items of the subsequent provision." *Id*. at 15 (emphasis added).

This principle was also applied in *Bible v. Ballard*, 1984 Tenn. App. Lexis 2728 at *2–*3 (March 6, 1984). In *Bible*, the decedent's will devised farmland to his son, to be taken by the son when he reached twenty-one years old, with a gift over to the testator's siblings if the beneficiary son died without issue. This Court characterized the gift as a fee simple subject to an executory interest. *Id*. at *11. The Court then held that, because the language of the will was unclear, the principle from **Meachum** applied and the son was the owner in fee simple, since he survived the testator. *Id.* at *12-*13.

However, the instant case is distinguishable from both of these decisions. In both *Meachum* and *Bible*, the beneficiary had a vested interest in fee simple before the reversion to other heirs occurred. In the case at bar, the assets were still held in the Family Trust when Coleman died. Under Wakefield's will, the assets were to be conveyed to Coleman and the other beneficiaries of the Trust only upon the termination of the Family Trust. Thus, Coleman never held the assets in fee simple.

Moreover, the language in Wakefield's will supports the interpretation adopted by the Probate Court below. Both of the disputed provisions state that if the child or beneficiary "dies without heirs,"[3] then that child's share is to be distributed to the remaining children. If the testator had meant

_____

[3]T.C.A. § 31-1-101(5) states: "'Heirs' means those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent." T.C.A. § 31-1-101(5) (2001). T.C.A. § 31-2-104(b)(3) states: ". . . the entire intestate estate if there is no surviving spouse, passes as follows: . . . (3) If there is

to say "predecease me without heirs" he could have done so. Under a plain reading of the language of the will, the sentence means exactly what it says: that if a child dies and has no heirs, then that child's share is to be distributed to the remaining children or their heirs.

This construction is supported by the phrase "revert to the Family Trust" in the second paragraph, Article VI, paragraph A.4(g), which appears to refer to the Family Trust as having already come into existence, indicating that the time frame for this sentence was *after* Wakefield's death.

Contrary to the assertion of Coleman's Estate, this construction is not contrary to Wakefield's evident intent to treat his children equally. This interpretation is, however, consonant with Wakefield's obvious intent in his will to keep the Trust assets in the family. Under the interpretation advanced by Coleman's Estate, Coleman's share of the assets would go to the beneficiary under her will, not a part of Wakefield's family.

Coleman's Estate notes that the position Appellees took in the 2003 Petition, and in this appeal, is contrary to the position advanced in their 1997 Petition to the Probate Court. While this is noteworthy, Coleman's Estate does not contend that the Appellees are somehow estopped from advocating the construction adopted by the Probate Court. This argument is without merit.

Overall, we must conclude that the construction of Wakefield's will adopted by the Probate Court is consistent with the language used and the overall intent of the testator.

The decision of the trial court is affirmed. Costs of the appeal are taxed against Appellant Estate of Nancy Coleman, for which execution may issue if necessary.

_____

HOLLY M. KIRBY, JUDGE

no surviving issue or parent, to the brothers and sisters. . . ." T.C.A. § 31-2-104(b)(3) (2001).