IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 18, 2005 Session

## LORENZO C. WHITE, ET AL. v. CAROLYN FIELDS HAYES, ET AL.

An Appeal from the Chancery Court for Tipton County
No. 16,650    Martha B. Brasfield, Chancellor

No. W2004-01281-COA-R3-CV - Filed June 1, 2005

This is a will construction case.  The testator died in 1912, leaving a holographic will.  In the will, the testator left his real estate to his children for life, then to his grandchildren for life, then to his great-grandchildren until they became of age, then to be divided "as law directs."  In 1992, after the last grandchild had died, the great-grandchildren of the testator petitioned the trial court to interpret the will and set out the rights of the parties.  The trial court concluded that the testator intended to leave the remainder interest in his property to the great-grandchildren per stirpes.  The appellant great-grandchild filed the instant appeal, claiming that the trial court should have construed the devise as being per capita, not per stirpes.  We affirm, concluding that the trial court's finding of a per stirpes division of the property is consistent with the laws of intestate succession in Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Reverend Vernon R. White, Akron, Ohio, appellant, *pro se*.

America Elizabeth Nelson, Kalamazoo, Michigan, appellee, *pro se*.

### OPINION

Dr. Hillery Key ("Dr. Key") died in 1912, leaving a holographic will ("the Will").  Paragraph six (6) in Dr. Key's will states:

> I desire and will that my real estate shall be enjoyed by my children during their lives as tenants in common; then by my grandchildren during their lives and then by my great-grandchildren until they become of age. **Then said estate may be divided as law directs**.  This bequest is of course subject to the bequests made above.

(Emphasis added). Dr. Key's last living grandchild died in 1992. *See White v. Hayes*, No. W2002-00669-COA-R3-CV, 2003 WL 22204517 (Tenn. Ct. App. Sept. 15, 2003). At that point, the life estate in the grandchildren had ended, and the remaining provisions in the Will were triggered.

In 1998, great-grandchild Plaintiff/Appellant Reverend Vernon R. White ("Appellant"), along with sixteen other of Dr. Key's great-grandchildren, petitioned the trial court to interpret Dr. Key's Will and to state each party's interest in Dr. Key's estate. *Id.* at *1. The Defendants/Appellees, Dr. Key's remaining living heirs, were named as respondents. In construing the will, the trial court held that paragraph six, quoted above, violated the common law Rule Against Perpetuities. On the first appeal of this case, this Court reversed and remanded for the trial court to reconsider the issue in light of the Tennessee Uniform Statutory Rule Against Perpetuities, Tennessee Code Annotated § 66-1-201. *Id.* at *2.

On April 13, 2004, after the remand, the trial court entered an order holding that paragraph six did not violate the statutory Rule Against Perpetuities.[1] The trial court then set out its interpretation of the Will and the individual interests thereunder. The trial court determined that "each grandchild who survived his or her parent and 'became of age' would take his or her share or interest of the real estate, per stirpes." From that order, Appellant Vernon White now appeals.[2]

On appeal, Appellant argues that the trial court erred in determining that Dr. Key's estate should be divided "per stirpes." Rather, he claims that Dr. Key's intent was that the estate would be divided "per capita" to each of the great-grandchildren, with each deceased great-grandchild's share going to the children of the deceased great-grandchild. The facts in this case are undisputed. The issue presented by Appellant involves an interpretation of the Will, which is an issue of law. Thus, we review the trial court's decision *de novo*, with no presumption of correctness. *See In re Estate of Vincent*, 98 S.W.3d 146, 148 (Tenn. 2003).

"The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to it unless it contravenes some rule of law or public policy." *Briggs v. Estate of Briggs*, 950 S.W.2d 710, 712 (Tenn. Ct. App. 1997) (citing *Third Nat'l Bank in Nashville v. First American Nat'l Bank of Nashville*, 596 S.W.2d 824, 828 (Tenn. 1980)). Where the language is plain, then the Will should be administered according to that plain language.

---

[1] The parties do not dispute that determination.

[2] It is unclear from the record which of the 17 original plaintiffs intended to join in the appeal filed by Appellant Vernon White. The notice of appeal lists only Appellant Vernon White, John W. Stewart, and Marion C. White as appellants, and it states that the "Attorney or Pro Se Party" is Appellant. However, Appellant is not an attorney, and he is not authorized to represent John Stewart or Marion White or anyone else in this appeal. *See Pelts v. Int'l Med. Servs. Corp.*, No. W2002-00388-COA-R3-CV, 2003 WL 22071462, at *7 (Tenn. Ct. App. Aug. 28, 2003). In any event, this case involves the interpretation of Dr. Key's Will, and our decision will apply with equal force to all parties regardless of whether they are involved in this lawsuit. Therefore, in light of the record, we consider this appeal to be filed by Appellant Vernon White only, recognizing that our decision will apply to all of Dr. Key's heirs.

*See Daughtery v. Daughtery*, 784 S.W.2d 650, 653 (Tenn. 1990); ***In re Estate of Garrett***, M1999-01282-COA-R3-CV, 2001 WL 1216994, at *6 (Tenn. Ct. App. Oct. 12, 2001).

In this case, the pertinent language of the Will is straightforward. The trial court observed that the plain language of the Will provides that, once the last grandchild is deceased, and the great-grandchildren become of age, then the "estate may be divided as law directs." This appears to allude to the law of intestate succession, which would govern in the event the Will provisions no longer applied. The law of succession in Tennessee is addressed in Tennessee Code Annotated § 31-2-104. That statute provides:

> (b) The part of the intestate estate not passing to the surviving spouse under subsection (a) or the entire intestate estate if there is no surviving spouse, passes as follows:
>
>> (1) To the issue of the decedent; if they are all of the same degree of kinship to the decedent they take equally, ***but if of unequal degree, then those of more remote degree take by representation*** . . . .

Tennessee Code Annotated § 31-2-104(b)(1) (2001); ***see also*** Tenn. Code Ann. § 31-2-103 (2001) (providing that real property shall pass according to § 31-2-104). The phrase "issue of the decedent" means all direct lineal descendants of the decedent, unless otherwise limited. ***See Burdick v. Gilpin***, 325 S.W.2d 547, 554 (Tenn. 1959); ***Carter v. Hutchinson***, 707 S.W.2d 533, 538 (Tenn. Ct. App. 1985). The statute states on its face that, when the decedent dies with issue of unequal kinship, as in the instant case, then the estate should be distributed "by representation," which refers to a "per stirpes" distribution, where "the issue of a deceased person take or inherit the share of an estate which their immediate ancestor would have taken or inherited if living." ***See Doramus v. Rogers Group, Inc.***, No. M1998-00918-COA-R3-CV, 2001 WL 196974, at *4-*5 & n.5 (Tenn. Ct. App. Feb. 28, 2001). Therefore, the trial court's construction of the language in Dr. Key's Will as making a devise "per stirpes," rather than "per capita," was consistent with the plain language in Section 31-2-204. ***See Forrest v. Porch***, 45 S.W. 676, 677 (Tenn. 1898) (finding that, where a life estate was granted to the testator's widow and the remainder in fee to the testator's "heirs at law," the heirs were to take per stirpes); ***see generally*** L. S. Tellier, Annotation, *Taking Per Stirpes or Per Capita Under Will*, 13 A.L.R.2d 1023 (1950). There being no evidence that Dr. Key's intention was otherwise, we agree with the trial court's determination that the devise in paragraph six (6) was intended to be per stirpes, not per capita.

Appellant argues that construing the Will as making a "per stirpes" devise is not consistent with certain conversations between Dr. Key and unidentified persons "who were to see that his intentions were carried out," and it is not consistent with the Will as it was explained to the great-grandchildren by their parents. The record on appeal, however, contains no such evidence, and we are limited in this appeal to consideration only of information in the appellate record. ***DCS v. Owens***, 129 S.W.3d 50, 56 (Tenn. 2004). Based on the information in the record, we must conclude that the trial court correctly interpreted the will.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Reverend Vernon White, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE