IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 17, 2024 Session

## GERI MCBRIDE, INDIVIDUALLY AND D/B/A THE REAL ESTATE SHOP v. CYNTHIA H. ALLISON

**Appeal from the Circuit Court for Sevier County**
**No. 20-CV-292-I      Carter Scott Moore, Judge**

_____

**No. E2024-00037-COA-R3-CV**

_____

Geri McBride, individually and d/b/a The Real Estate Shop ("Buyer"), sued Cynthia H. Allison ("Seller") for breach of contract with respect to a real estate purchase and sale agreement. Following a bench trial, the trial court found that Seller had breached the agreement and granted Buyer specific performance but denied Buyer's request for attorney's fees. Seller filed a motion to alter or amend the judgment, or alternatively for a new trial. The trial court denied Seller's post-judgment motion, and Seller appealed to this Court. We affirm the trial court's grant of specific performance to the Buyer and reverse the trial court's denial of Buyer's request for attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., J., joined.

Brian T. Mansfield, Sevierville, Tennessee, for the appellant, Cynthia H. Allison.

Bryce W. McKenzie, Sevierville, Tennessee, for the appellee, Gerie McBride, individually and d/b/a The Real Estate Shop.

## OPINION

In or around 2011, Seller purchased real property in Sevier County, which she occasionally used as a vacation home and regularly operated as a short-term vacation rental (the "Property"). Buyer was Seller's real estate agent when Seller purchased the Property. In addition to operating The Real Estate Shop, Buyer owns and operates several short-term

vacation rental properties in Sevier County. In 2020, Seller wanted to sell the Property and approached Buyer to see if she was interested in purchasing it.

On March 1, 2020, the parties executed a Purchase and Sale Agreement, prepared by Buyer, whereby Buyer agreed to purchase, and Seller agreed to sell, the Property for $140,000. The parties also executed an Exclusive Right to Sell Listing Agreement, prepared by Buyer, which entitled The Real Estate Shop to a six percent commission on the sale of the Property. However, it is undisputed that, at the time these agreements were executed, Buyer never intended to market or list the Property for sale but instead intended to purchase it herself.[1] Lastly, the parties signed a Confirmation of Agency Status, indicating that Buyer was acting as a "dual agent." As relevant to this appeal, the Purchase and Sale Agreement provided:

> **8. Final Inspection.** Buyer and/or his inspectors/representatives shall have the right to conduct a final inspection of Property on the Closing Date or within 3 day(s) prior to the Closing Date only to confirm Property is in the same or better condition as it was on the Binding Agreement Date, normal wear and tear excepted, and to determine that all repairs/replacements agreed to during the Resolution Period, if any, have been completed. Property shall remain in such condition until Closing at Seller's expense. Closing of this sale constitutes acceptance of Property in its condition as of the time of Closing, unless otherwise noted in writing.
>
> * * *
>
> **12. Default** . . . Should Seller default, Buyer's Earnest Money/Trust Money shall be refunded to Buyer. In addition, Buyer may elect to sue, in contract or tort, for damages or specific performance of this Agreement, or both. In the event that any party hereto shall file suit for breach or enforcement of this Agreement . . . the prevailing party shall be entitled to recover all costs of such enforcement, including reasonable attorney's fees. . . . The parties hereby agree that all remedies are fair and equitable and neither party will assert the lack of mutuality of remedies, rights and/or obligations as a defense in the event of a dispute.

The transaction was scheduled to close on May 8, 2020; however, the closing never occurred. The parties' testimony at trial suggests that this was for several reasons. First, while the sale was pending, a third party approached Seller and offered to purchase the Property for a higher price and with less contingencies than those agreed to by the parties, which led Seller to begin questioning Buyer about the fairness of their agreement. Next,

---

[1] At trial, Buyer testified that it is common for a real estate agent to receive a commission when the agent purchases real property.

the Property's HVAC unit stopped working after the execution of the Purchase and Sale Agreement and had not been fixed by the closing date.[2]  Finally, Buyer testified that her inspectors were unable to access the Property in order to conduct a final inspection within three days of the closing date, as anticipated by the Purchase and Sale Agreement.  Buyer testified that, after being unable to contact Seller in the weeks leading up to the closing date, Buyer contacted the title company on the morning of the closing date to let them know that the parties were not ready to close.  Seller, conversely, testified that she was prepared to close on May 8 until she learned that the Buyer had informed the title company that there would be no closing that day.

On May 14, 2020, Buyer sued Seller in Sevier County Circuit Court alleging breach of contract and seeking specific performance, actual and consequential damages, and an award of attorney's fees and costs.  Seller countersued and asserted causes of action for Breach of Fiduciary Duty and Slander of Title.  She requested that the trial court declare the Purchase and Sale Agreement void, award her monetary damages, and release a *lien lis pendens* filed by Buyer with respect to the Property.

A bench trial occurred on August 11, 2023.  The trial court found that the Purchase and Sale Agreement between the parties was a binding contract and that Seller had breached it.  The trial court noted that a mere four days after the intended closing date, Seller had entered into a new purchase and sale agreement with the third party who had offered Seller a higher purchase price.  Ultimately, the trial court entered judgment in Buyer's favor and granted her specific performance but denied her request for attorney's fees.  The resulting order includes the following findings of fact:

> 1. That the parties entered into a pair of binding contracts to purchase property.
>
> * * *
>
> 5. That after the contract was entered, for whatever reason, because of shortcomings on the part of [Seller], the inspection was not completed, and the heating and air system was not repaired.
>
> 6. That [Seller] to be in [*sic*] material breach of the contract.
>
> * * *
>
> 9. That [Seller] admitted there was a period of two weeks before closing that there was no communication whatsoever.
>
> 10. That [Seller] admitted she hoped the closing would not take place.

---

[2] Buyer was unwilling to close without the unit having been repaired.

11. That [Seller] admitted she contacted the [third party] prospective buyer before and after the time for the closing on May 8th.

12. That four days later [Seller] had entered into another contract.

13. That the transcript from the [trial court's] ruling [announced at the conclusion of the bench trial] is attached hereto as Exhibit A.

The transcript of the trial court's ruling includes the following statements by the trial court:

This is a hard one. This is an extremely hard one. I'm more sympathetic to [Seller] and I think [Buyer] wins so I'm finding for [Buyer]. I find that they entered into a binding contract, a pair of them, to purchase property. …

I find that [Seller] approached [Buyer] and that it was [Seller's] offer of $140,000. The court recognizes that it's her opinion that the property is worth $400,000. It may be. It may not be. She is not a realtor. …

After the contract was entered, for whatever reason -- and it's the court's opinion, because of shortcomings on the part of the [Seller], the inspection was not completed and the heating and air system was not repaired. As for evidence, the court looks -- and both of those, the court finds material breach of the contract.

* * *

And by the [Seller]'s own admission, there was a period of two weeks, two important weeks before closing, that there was no communication whatsoever. By the [Seller]'s own admission, she stated that she hoped closing would not take place. By the [Seller]'s own admission, she contacted the [third party] prospective buyer before -- and I quote -- before and after the time for closing, on May the 8th, I think it was, which was a Friday. And a mere four days later she had entered into another contract. So Saturday, Sunday, the papers got drawn up as early as Tuesday of the next week, they entered into another contract.

For that reason, the court finds in favor of [Buyer]. I'm going to award you specific performance. I am not awarding you attorney's fees.

Seller filed a "Motion to Alter or Amend Judgment or, Alternatively, for a New Trial" arguing that: (1) Buyer "failed to provide evidence of any loss or damage as a result of [Seller]'s alleged breach"; (2) specific performance can only be awarded when there is

"some showing of uniqueness of the subject property, the inadequacy of compensation in damages and that such enforcement would be free from hardship upon either party"; and (3) specific performance would cause "inequitable harm to [Seller]/windfall to [Buyer.]" Seller requested that the trial court reverse the grant of specific performance and hold that Buyer failed to meet her burden of establishing any damages caused by Seller's breach. Alternatively, Seller requested a new trial. Without explaining its reasoning, the trial court entered a one-page order denying Seller's motion to alter or amend. Seller timely appealed to this Court.

## ISSUES

Seller presents the following issues on appeal, which we have restated slightly:

1.      Whether the trial court erred in failing to dismiss Buyer's case at the conclusion of her proof.

2.      Whether the trial court erred in granting specific performance to Buyer without evidence or findings of the inadequacy of a remedy at law and other equitable considerations.

Additionally, Buyer presents the following issue on appeal, which we have restated slightly:

3.      Whether the trial court erred in denying attorney's fees to Buyer.

## DISCUSSION

*a.*

We review a trial court's ruling on a motion to alter or amend a judgment filed pursuant to Tennessee Rule of Civil Procedure 59 under the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012) (citing *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Linkous v. Lane*, 276 S.W.3d 917, 924 (Tenn. Ct. App. 2008)). "A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case 'on a clearly erroneous assessment of the evidence.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). "The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court." *Id.* (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). "Indeed, when reviewing a discretionary decision by the trial court, the 'appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision.'" *Id.* (quoting *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999)).

We review the trial court's conclusions of law de novo with no presumption of correctness. *Hargis v. Fuller*, No. M2003-02691-COA-R3-CV, 2005 WL 292346, at *3 (Tenn. Ct. App. Feb. 7, 2005) (citing *Briggs v. Est. of Briggs*, 950 S.W.2d 710, 712 (Tenn. Ct. App. 1997)). Because this case was tried by the trial court sitting without a jury, we review the trial court's factual findings de novo with a presumption of correctness, unless the preponderance of the evidence is otherwise. *Cross v. City of Memphis*, 20 S.W.3d 642, 644 (Tenn. 2000); *see also* Tenn. R. App. P. 13(d).

*b.*

Seller first argues that the trial court erred in failing to dismiss Buyer's case at the conclusion of Buyer's proof presented at trial. The record includes the following colloquy, which occurred at the conclusion of Buyer's proof:

> [SELLER'S ATTY]: [The plaintiff, Buyer] has rested. Then I move to dismiss, Your Honor.
>
> THE COURT: Denied. And the reason -- I'll give you a reason why. I mean, I think there is more than a prima facie case or -- you know, here that there is -- I have issues with it. I'm not comfortable dismissing it. I want to hear from your client.
>
> [SELLER'S ATTY]: Okay. Thank you, Your Honor. I had a good argument. You didn't --
>
> THE COURT: You want to make it for the record?
>
> [SELLER'S ATTY]: No, no.
>
> THE COURT: You paused for a minute. I thought that just was your argument.
>
> [SELLER'S ATTY]: I feel like I got rejected pretty quickly, Your Honor. I'll call [Seller].

Seller's attorney later argued in his closing argument that Buyer failed to prove damages; however, he did not renew his earlier motion to dismiss.

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff[']s evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." Tenn. R. Civ. P. 41.02(2). "[A] court faced with a [Rule] 41.02(2) motion need only impartially weigh and

- 6 -

evaluate the plaintiff's evidence just as it would after all the parties had concluded their cases and may dismiss the plaintiff's claims if the plaintiff has failed to make out a prima facie case by a preponderance of the evidence." *Burton v. Warren Farmers Co-op.*, 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002) (citing *Thompson v. Adcox*, 63 S.W.3d 783, 791 (Tenn. Ct. App. 2001)).

On appeal, Seller argues that Buyer did not prove that she sustained any damages as a result of Seller's breach and, therefore, that "the case should have been dismissed at the conclusion of [Buyer]'s proof or at the conclusion of all the proof." However, Seller failed to present this argument to the trial court when she made her Rule 41.02(2) motion at the close of Buyer's proof. Accordingly, Seller has waived appellate review of this purported error. *See* Tenn. R. App. P. 36(a) (providing that this Court need not grant relief to a party responsible for an error); *State v. Banks*, 271 S.W.3d 90, 170 (Tenn. 2008) ("Tennessee law is well-established that a party who invites or waives error, or who fails to take reasonable steps to cure an error, is not entitled to relief on appeal."); *Main Street Market, LLC v. Weinberg*, 432 S.W.3d 329, 337 n.4 (Tenn. Ct. App. 2013) ("It is well established [] that issues not raised at trial will not be considered for the first time on appeal."). Likewise, Seller's argument that the trial court should have dismissed Buyer's case at the conclusion of all the proof is waived because Seller failed to renew the motion at that time.

*c.*

Next, Seller argues that the trial court's grant of specific performance to the Buyer "was unsupported, arbitrary and amounted to an abuse of discretion" because Buyer "offered nothing to indicate the [Property] was in some way unique or special or that any 'loss' or damages suffered by her could not be adequately compensated through a remedy at law." Seller quotes *New River Lumber Co. v. Tenn. Ry. Co.*, 191 S.W. 334 (Tenn. 1916), and insists that specific performance may only be awarded "as a substitute for the legal remedy of compensation whenever the legal remedy is inadequate or impracticable." 191 S.W. at 338. However, Tennessee case law regarding the remedy of specific performance has developed since *New River Lumber* was decided in 1916. More recently, this Court has explained:

> The question of whether a contract should be specifically performed depends upon the facts of each case, and is a matter addressed to the sound discretion of the trial court. *Hillard v. Franklin*, 41 S.W.3d 106, 111 (Tenn. Ct. App. 2000). Specific performance is only appropriate where the contract is clear, definite, and free from any suspicion of fraud or unfairness. *Shuptrine v. Quinn*, 597 S.W.2d 728, 730 (Tenn. 1979).
>
> However, our courts have long recognized the preference for specific performance when dealing with contracts for the conveyance of real

property, "because real property is unique, and more often than not, an award of damages is simply not an adequate remedy." *GRW Enterprises, Inc.* [*v. Davis*], 797 S.W.2d [606] at 614 [(Tenn. Ct. App. 1990)]; see also *Shuptrine*, 597 S.W.2d at 730; *McGaugh v. Galbreath*, 996 S.W.2d 186, 191 (Tenn. Ct. App. 1998). Because of the unique nature of real property, this court has given its approval to the proposition that "*equity will decree specific performance of a contract for sale of land, as a matter of course, in the absence of any valid objection, where the contract is valid.*" *Brister v. Brubaker's Estate*, 47 Tenn. App. 150, 336 S.W.2d 326, 332 (1960).

*St. George Holdings LLC v. Hutcherson*, 632 S.W.3d 515, 529–30 (Tenn. Ct. App. 2020) (quoting *Smith v. Smith*, No. M2004-00257-COA-R3-CV, 2005 WL 3132370, at *10 (Tenn. Ct. App. Nov. 22, 2005)) (emphasis added). In this case, because the parties' agreements are valid contracts for the sale of land,[3] an award of specific performance is appropriate in the absence of any valid objection.

Seller argues that the value of the Property has increased substantially since the scheduled closing date in May 2020 and, therefore, requiring specific performance of the Purchase and Sale Agreement now "is unduly harsh, inequitable, and oppressive." However, a "[c]hange in value is not [a] sufficient ground for denying specific performance." *Brister v. Brubaker's Est.*, 336 S.W.2d 326, 331 (Tenn. Ct. App. 1960) (citing *Univ. of Tenn. v. Memphis Hosp. Coll. Bldg. Co.*, 6 Tenn. App. 131 (1927); *Smith's Heirs v. Christmas*, 15 Tenn. 565 (1835); *Rogers v. Roop*, 92 S.W.2d 423 (Tenn. Ct. App. 1935); 49 Am.Jur.—Specific Performance,—Sec. 64, p. 78). Moreover, the parties freely entered into the Purchase and Sale Agreement, which expressly entitles Buyer to an award of specific performance in the event of Seller's breach. "This Court must enforce the plain terms of the contract as written, even if doing so leads to a result that seems harsh or unjust." *McPherson v. William E. George, Inc.*, No. W2008-02450-COA-R3-CV, 2010 WL 1565528, at *8 (Tenn. Ct. App. Apr. 20, 2010) (citing *Home Beneficial Ass'n v. White*, 177 S.W.2d 545, 546 (Tenn. 1944); *Ballard v. N. Am. Life & Cas. Co.*, 667 S.W.2d 79, 82 (Tenn. Ct. App. 1983)). Further, the opposite argument would apply were we to find in favor of the Seller, i.e., the Buyer could argue that Seller gained an unfair windfall by breaching the contract and selling to a third party for a higher amount.

An award of specific performance is not unduly harsh under these circumstances, and Buyer is entitled to the benefit of her bargain—namely, ownership of the Property. Consequently, we find no abuse of discretion in the trial court's decision to grant specific performance to Buyer.

---

[3] Seller does not appeal the trial court's findings that the parties' agreements are enforceable contracts and that she breached those contracts.

*d.*

Turning to Buyer's raised issue, Buyer argues that the trial court erred in denying her request for attorney's fees. Neither the trial court's order nor the transcript of its oral ruling explains why it denied such request.

"Our courts long have observed at the trial court level that parties are contractually entitled to recover their reasonable attorney's fees when they have an agreement that provides the prevailing party in a litigation is entitled to such fees." *Eberbach v. Eberbach*, 535 S.W.3d 467, 478 (Tenn. 2017) (citing *Seals v. Life Invs. Ins. Co. of Am.*, No. M2002-01753-COA-R3-CV, 2003 WL 23093844, at *4 (Tenn. Ct. App. Dec. 30, 2003); *Hosier v. Crye-Leike Com., Inc.*, No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *6 (Tenn. Ct. App. July 17, 2001)). "In such cases, the trial court does not have the discretion to set aside the parties' agreement and supplant it with its own judgment." *Id.* (citing *Christenberry v. Tipton*, 160 S.W.3d 487, 494 (Tenn. 2005)). "The sole discretionary judgment that the trial court may make is to determine the amount of attorney's fees that is reasonable within the circumstances." *Id.* (citing *Hosier*, 2001 WL 799740, at *6; *Albright v. Mercer*, 945 S.W.2d 749, 751 (Tenn. Ct. App. 1996); *Airline Constr. Inc. v. Barr*, 807 S.W.2d 247, 270 (Tenn. Ct. App. 1990); *Connors v. Connors*, 594 S.W.2d 672, 676 (Tenn. 1980); Tenn. Sup. Ct. R. 8, Rule 1.5).

The Purchase and Sale Agreement expressly provides that, in an action to enforce the agreement, "the prevailing party *shall* be entitled to recover all costs of such enforcement, including reasonable attorney's fees." (Emphasis added). "Because the term 'shall' is mandatory," Buyer is entitled by contract to an award of her attorney's fees incurred at the trial court level. *Schwab v. Schwab*, No. M2022-00590-COA-R3-CV, 2023 WL 8317914, at *4 (Tenn. Ct. App. Dec. 1, 2023) (citing *Eberbach*, 535 S.W.3d at 474). Accordingly, we agree that the trial court erred in denying Buyer's request for attorney's fees, and we reverse that portion of the trial court's ruling. On remand, the trial court should determine a reasonable award to Buyer of her attorney's fees incurred at the trial court level.

## CONCLUSION

The judgment of the Circuit Court for Sevier County is reversed in part and affirmed in part, and the case is remanded for further proceedings consistent with this Opinion. Costs on appeal are assessed to the appellant, Cynthia H. Allison, for which execution may issue if necessary.

_____

KRISTI M. DAVIS, JUDGE