# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### July 17, 2012 Session

## IN RE: ESTATE OF MARGARET L. SWIFT, Deceased

### Direct Appeal from the Probate Court for Shelby County
#### No. D6369     Robert Benham, Judge

---

### No. W2012-00199-COA-R3-CV - Filed November 20, 2012

---

### DISSENTING OPINION

I respectfully dissent from the holding of the majority.

There are two unassailable reasons why this member of the court feels the majority has reached an untenable conclusion in this case. First, there is a well-established presumption in the law against intestacy. *In re Estate of Milam*, 181 S.W.3d 344, 353 (Tenn. Ct. App. 2005). ("[W]hen a decedent undertakes to make a will, we must presume that the decedent intended to die testate, and we must seek to construe the will, where possible, as including all of the testator's property at death"). Second, as I will discuss more fully hereafter, the testatrix in this case clearly evidenced an intent to die testate. "The testator's intent is to be determined from the particular words used in the will itself, . . . and not from what it is supposed the testator intended." *Id.* at 353 (internal citation omitted).

The testatrix, Margaret L. Swift, provided that her residuary estate would pass absolutely to her spouse, *if he survived her*; in the event he did not survive her, the residuary estate would vest in her cousin, Henrietta Wesley. The Will makes no mention of survivorship language with reference to the residuary beneficiary, Henrietta Wesley. "A will should be construed to give effect to every word and clause contained therein." *Presley v. Hanks*, 782 S.W.2d 482, 483 (Tenn. Ct. App. 1998). "Every word used by a testator in a will is presumed to have some meaning." *In re Estate of Jackson*, 793 S.W.2d 259, 261 (Tenn. Ct. App. 1990). There is no doubt that Margaret L. Swift knew how to impose a survivorship requirement in her Will. Survivorship language is used in Article III, Section 1 and Section 2, Article IV, Section 2, and Article V, but it is conspicuously absent with reference to residuary beneficiary Henrietta Wesley. "In construing a will it is necessary to look to the

-1-

entire will and the testator's intention must be determined from what he has written and *not from what it is supposed he intended*." *Presley*, 782 S.W.2d at 488. (emphasis added).

Appellant, Brannon R. Wesley, maintains that a "devisee," as used in Article V of the Will, is a recipient of *real property*, only. Thus, he contends, Article V's "Survivorship Requirement" is intended to apply only to Article III beneficiaries of real property, and not to Henrietta Wesley as an Article IV residuary beneficiary, as the residuary estate ultimately included *personal* property only.

Executrix Smith maintains that residuary beneficiary Henrietta Wesley is a "devisee" subject to Article V's "Survivorship Requirement" despite the residuary estate's lack of real property. She cites Tennessee Code Annotated section 31-1-101(2)-(3), which defines a "devise" as a "testamentary disposition of real *or personal* property[,]" and a "devisee" as "any person designated in a will to receive a devise." (emphasis added). We note that these definitions are given to govern the meaning of the terms as used in Title 31 and this Court, in construing a will, is not bound by the statutory definitions set forth in Tennessee Code Annotated section 31-1-101(2)-(3). Instead, we are to "'ascertain and give effect to the testator's intention.'" *In re Estate of Milam*, 181 S.W.3d at 353 (quoting *In re Estate of Eden*, 99 S.W.3d 82, 87 (Tenn. Ct. App. 1995)). Testatrix's Will does not reference the Tennessee statutory definitions, and, in fact, her Will was executed in Delaware where she then resided.

The majority rejects Mr. Wesley's argument for two reasons. The majority finds that "the Will uses the phrase 'give and devise' routinely throughout, in paragraphs that relate only to real property, in paragraphs that relate only to personalty, and in paragraphs that relate to both." It then reasons that because Testatrix owned real property when the Will was executed, Henrietta Wesley is a "devisee" whether or not the Estate ultimately included real property.

The majority is correct that Testatrix used both the terms "give and devise" to refer to *real* property; however, no such interchange is used to reference *personal* property, which is ultimately all the Estate included. The Will provision relied upon by the trial court–"I give and devise all of my property not otherwise specifically devised, whether real, personal or mixed . . . ."–does not axiomatically indicate Testatrix's reference to personal property beneficiaries as "devisees." Instead, because alternative verbiage is used, the provision could reasonably be interpreted as Testatrix "giving" her "personal" property and "devising" her "real" property. Contrary to the majority, I would conclude that even if Henrietta Wesley was included within the class of "devisees" when the Will was created, that she was no longer a member of such class when Testatrix died leaving only personal property. "A will should be construed to speak as of the date of the testator's death." *Presley*, 782 S.W.2d at

488 (citing Tenn. Code Ann. § 32-3-101 (1984)).

Further, Mr. Wesley points out that each bequest–*other than the residuary bequest to Henrietta Wesley in Article IV*–expressly required survival. For example, Article III's bequests of real property to Christine Smith, Henrietta Wesley, Barry Neil Rome, and Curtis Mull specifically stated that "[i]f they do not survive me," such properties would become part of her residuary estate to "be distributed in accordance with Article IV, Section 2." Additionally, Article IV, which directs distribution of her residuary estate to her spouse, first conditions such distribution upon *his* survival, but no similar condition is expressed with regard to Henrietta Wesley.

The majority essentially disposes of this argument by relying upon its prior conclusion that Henrietta Wesley is included within the class of "devisees," and therefore, that further enumeration of a survivorship requirement as to her was unnecessary. Again, I would find that Henrietta Wesley was not included within the class of "devisees" at the time of Testatrix's death. Testatrix's express requirement of survivorship with regard to each named beneficiary–including her own husband as a residuary beneficiary–but her failure to express such a requirement with regard to Henrietta Wesley as a residuary beneficiary, is compelling evidence that Testatrix did not intend to impose a survivorship requirement upon residuary beneficiary Henrietta Wesley.

There is a significant Will provision seemingly overlooked by the parties and unaddressed by the majority. Article V's "Survivorship Requirement" states that if a devisee fails to survive the testatrix by thirty days, "[t]he share of such devisee *shall be distributed as directed by the provisions stated in my Will*." (emphasis added). This latter phrase is a clear manisfestation of Testratrix's intent *not* to die intestate. Guided by the presumption of testate death as well as the requirement that each Will clause be given effect, I would find that this provision indicates Testatrix's intention both to die testate and to exclude residuary beneficiary Henrietta Wesley from the Survivorship Requirement. Finding otherwise would allow Henrietta Wesley's lapsed residual interest to pass outside of the estate rather than through the residuary clause "provision[] stated in [Testatrix's] Will."

Moreover, I do not find the argument by Executrix Smith perusasive, nor the finding by the Probate Court, that the passage of time between the deaths of the residuary beneficiaries and the death of Testatrix indicates a willingness to die intestate. Testatrix's failure to modify her Will following the deaths of Enoble Swift and Henrietta Wesley could just as easily indicate satisfaction with her belief that the residuary estate would pass to the heirs of Henrietta Wesley.

In sum, I would find that Henrietta Wesley was not included within the class of "devisees" at Testatrix's death. Because Testatrix's Will required no "different disposition,"–i.e. survival–*see* Tennessee Code Annotated section 32-3-105, I would hold that Henrietta Wesley's residual interest is saved by the Anti-Lapse Statute, and therefore, that it properly passes to her issue.

_____
ALAN E. HIGHERS, P.J., W.S.