MOUNTAIN CITY MISSIONARY BAPTIST CHURCH *v.* WAGNER
*et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

626

E. E. GARLAND, O. H. WILSON and LEWIS W. MAY, Jr., all of Mountain City, for appellants.

MARK T. REECE, of Mountain City, guardian ad litem for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit was filed by the trustees of the appellant church asking that the Court declare a clause in the deed to the church as a cloud on the title to the real estate de-

scribed in the deed to the church trustees. The Chancellor held that the deed to the trustees created a determinable fee and could not be considered as a cloud on the title, and dismissed the complainants' bill. The complainants have seasonably appealed and assigned errors. We now have the matter for determination.

The deed in question was made on March 2, 1885, and recorded within a few weeks thereafter in the Register's Office of Johnson County, Tennessee. It was made by M. M. Wagner and wife to the then trustees of the appelant church. The deed is an ordinary deed conveying certain real estate in Johnson County. After the habendum clause there appears the following language:

"But it is distinctly understood that if said property shall cease to be used by the said Missionary Baptist Church (for any reasonable period of time) as a place of worship, that said property shall revert back to the said M. M. Wagner and his heirs free from any encumbrances whatsoever and this conveyance become null and void."

The property is now and has been for all these years used as church property. Apparently the purpose of the bill was to try and eliminate the above-quoted clause from the deed so that the church might erect a new building and borrow money thereon.

Certain living heirs of Wagner answered and disclaimed any interest in the matter. A pro confesso was taken as to other named heirs, and as to unknown heirs. Certain incompetents and minors answered by guardian *ad litem* and submitted their interests to the court.

Various grounds are urged by the complainant to sustain the allegations of the bill, among them is that the possibility of reverter has become so remote, after a passage of many years, that the clause should be declared a

cloud on the title; that since the granting and habendum clause grant a fee-simple title that the clause in question is repugnant thereto, and the granting and habendum clause should be given preference and a fee declared in the church; that the quoted portion of the deed is in violation of the rules against perpetuities which, of course, in effect is saying that it is contrary to a rule of law because of remoteness.

██ Under the now well-accepted rule in construing a deed we determine the estate conveyed in the deed by trying to determine the intention of the parties from an examination of the deed "from its four corners" without regard to its technical and formal divisions. *Thompson* v. *Turner,* 186 Tenn. 241, 209 S. W. (2d) 25, where numerous authorities are cited. When we thus read the deed, as a whole, we find that the unmistakable and clear intention of the grantor was to give this property to the church so long as it was used for church purposes and then when not so used the property was to revert to the grantor or his heirs.

██ The estate thus created in this deed is a determinable fee. We in this State still recognize such a fee. This Court in *Overton* v. *Lea,* 108 Tenn. 505, 547, 68 S. W. 250, 260 quoted with approval the following:

"No rule of law is more firmly grounded than that a fee simple on condition at common law, and a conditional or executory limitation, under the statute of uses, wills, and grants, may qualify or be substituted for a preceding fee simple and reduce it to a determinable fee."

██ Such "determinable fee" while it continues, has all the incidents of a fee-simple estate, except insofar as these incidents are expressly restricted by the limitation over. "Such an estate is evidently not a future estate,

but an actually existent estate, a present estate, deprived of the right of immediate possession.'' Tiffany on Real Property, 3rd Edition, Sec. 311A, Vol. 2, page 5. In such an estate there is a ''possibility of reverter'' under which the land will revert to the grantor or his heirs upon the expiration of the estate of the grantee. ''Such a right is obviously not an estate, present or future, but is, as its name indicates, a mere possibility of acquiring an estate.'' Tiffany on Real Property, supra, page 10, Sec. 314.

The estate created by the clause above quoted is not a violation of the rule against perpetuities, for a statement of the rule see *Hall* v. *Crocker,* 192 Tenn. 506, 241 S. W. (2d) 548. ''For the reason that such an interest is merely the legal result of the creation of the estate named. So long as the law recognizes one's right to create a determinable fee, the rule cannot intervene to exclude a necessary result thereof.'' Tiffany, supra, Sec. 404, page 167. The law as heretofore said permits determinable fees which may terminate either on the occurrence or non occurrence of an event which event may be one which is not certain to occur. Under such circumstances the possibility of reverter is essential to the existence of such a fee. When a determinable fee is valid as it is in this State, the possibility of reverter is also valid and not subject to the rule against perpetuities. The most lucid and oft-quoted statement in reference to this question was made many years ago in *Proprietors of Church In Brattle Square* v. *Grant,* 3 Gray, Mass., 142, 63 Am. Dec. 725. An extensive quotation from this opinion, here applicable, was quoted and relied on by this Court, speaking through the late Chief Justice Grafton Green in *Yarbrough* v. *Yarbrough,* 151 Tenn. 221, 269 S. W. 36. In the Yarbrough case this Court quoted with approval a definition of a determinable fee. Without requoting these

statements we now refer to those as quoted by this Court in the Yarbrough case.

For the reason heretofore stated we think that the deed in question created a valid determinable fee and that this cannot be considered a cloud on the title, and that we as a Court have no right to disturb this clause as created by the parties when the deed was made. The decree of the Chancellor is therefore affirmed with costs.