ROBERT H. BAILEY, Appellant,

*v.*

INTER-MOUNTAIN TELEPHONE CO., INC., Appellee.

(*Knoxville*, September Term, 1956.)

Opinion filed June 7, 1957.

MAUPIN, BERRY & CURTIS, Greeneville, for appellant.

FRAKER, SILVERS & COLEMAN, and F. H. PARVIN, Greeneville, for appellee.

Mr. Justice Swepston delivered the opinion of the Court.

This is a suit for a specific performance in which the appellant filed his bill to require the respondent Telephone Company to specifically perform its contract of purchase of a tract of real estate which it had bargained to purchase from said Bailey. The Chancellor sustained the demurrer of the defendant and dismissed the bill, hence this appeal.

The principal question is whether or not the following language, without more, created a fee simple determinable subject to a possibility of reverter in the heirs of the grantor. The following language which appears in the chain of title of the said Bailey:

"In consideration of love and interest we have in Education, we this day deed, transfer and convey a certain lot or parcel of land * * * To have and to hold for school purposes * * * so long as the aforesaid lot of land is used for the aforesaid purposes."

It is the insistence of the appellant that the words "so long as" are not sufficient to create a fee simple determinable subject to a possibility of reverter in the grantor or his heirs. The appellee insists that they are sufficient. Both parties have full briefs citing cases from various States of the Union but we do not find it necessary to respond by a discussion of each one of these cases. We think that the rule is correctly stated in our own case of *Yarbrough v. Yarbrough,* 151 Tenn. 221, 269 S.W. 36, in an opinion by Green, Chief Justice. We do not mean to say that case is exactly analogous on the facts because

the language was not only "so long as" but in addition there was express provision for a reversion. Nevertheless 151 Tenn. on page 228, 269 S.W. on page 37, of the opinion Judge Green in quoting from Brewster, On Conveyancing, Sec. 173, et seq., says in part as follows:

"Old examples of determinable fees are limitations to one and his heirs 'as long as the Church of St. Paul shall stand,' or until the grantee go to Rome;' the most appropriate words to create a determinable fee being, during, so long as, till, until, whilst, etc., such words fitly prefacing a limitation. * * *

"For example, where the grant was to a religious society, 'to have and to hold to the said (society) and their assigns, so long as said real estate shall by said society or its assigns be devoted to the uses, interests, and support of those doctrines of the Christian religion,' set forth in a certain formulary, it was held to create a determinable fee, terminating without entry and reverting to the grantor when the use specified ceased."

Likewise, in Tiffany on Real Property, 2nd. Vol. 1, p. 334, sec. 93, the author says in part:

"A limitation to a man and his heirs, so long as they shall have heirs of his body, or until the marriage of a certain person, or so long as St. Paul's Church shall stand, or a tree shall stand, are among the examples given in the books of an estate which, while descending to the heirs general, is liable to terminate on the happening of some event. The text is supported by a footnote 71-a which cites Blackstone, Kent, and others."

In 18 Corpus Juris, page 301, section 281, it is said:

"A determinable fee may either arise from and be dependent upon a condition, or arise from a limitation, the essential difference being that, in a case of a condition, the estate is not terminated *ipso facto* by the happening of the event upon which it may be defeated, while in the case of a limitation it passes at once by way of reverter to the grantor, or, in the case of a limitation over, to the person to whom it is limited, upon the happening of the event which fixes the limitation * * *. It results from this distinction that the usual technical words by which a limitation is expressed relate to time, differing from those expressing a condition * * *."

In 26 C.J.S. Deeds, sec. 110, p. 921, after referring to the expressions, "so long as" "while" "until", "during", etc., it is stated that it is not necessary to use these words, or words of this type, provided that the grantor's intention is otherwise expressed, which is in accordance with the rule in this State to be referred to hereinafter briefly. Then the text states:

"However, the words of time previously mentioned are the usual operative words. While express provisions for reversion is not essential to the creation of the type of interest under discussion, an express provision for reverter may be made in the deed, and the clearest evidence of an intention to create such interest may be found in deeds where there has been a coupling of words of time with a clear and definite expression of a possibility of reverter. * * * A grant to an institution so long as said institution shall exist will also suffice to create such a fee [citing a Massa-

chusetts case]. In order that such a fee may be created, a qualification must be clearly expressed."

*Templeton v. Strong,* 182 Tenn. 591, 188 S.W.2d 560, is cited, which case did not contain the technical words and in fact did not contain any words sufficient to show an intention on the part of the grantor to create a determinable fee; the Court simply held that a determinable fee is not favored by the law and will in no particular be implied but must be clearly expressed. *Mountain City Missionary Baptist Church v. Wagner,* 193 Tenn. 625, 249 S.W.2d 875, is a case where no technical words, supra, were used, but there was an express provision for a reversion in case the property should cease to be used for church purposes. The Court found from an examination of the entire instrument that the intention was to create a determinable fee. That opinion by no means undertakes to lay down any rule that there must be an express provision for a reverter, where apt technical words are used that are sufficient alone to create a determinable fee, absent any contrary intention appearing in the whole instrument.

The clearest case that we have found on the question is *Lynch v. Bunting,* 3 Terry 171, 29 A.2d 155. The author of that opinion, after pointing out the distinction between a fee simple determinable and a fee simple subject to a condition subsequent, all of which is referred to, supra, has this to say (29 A.2d page 157):

"Because it is essential that in order to introduce a determinable feature into a fee simple conveyance that the instrument itself must, on its face, contain a specific intent so to do, so the use of apt and proper words may be given proper consideration. All the au-

thorities, ancient and modern, are agreed that the most apt and proper words for the creation of a fee simple, determinable are 'until', 'during', 'so long as' and similar expressions, but other words may have the same effect. It will be observed that the apt phrase 'so long as' is a term used in the present deed.

"The limiting langauge of the present deed is divisible in two parts. There is first the expression 'and the parties of the first part have deeded this land to the parties of the second part for the purpose of school and no other purpose * * *.' "

The author then states that those words alone would do no more than simply express the purpose of the grant and would not be sufficient to create a determinable fee. Then quoting further, it is said:

"The limiting phrase of the deed, however, did not stop with the foregoing quotation, but continued 'and (the deed or the estate) shall be good so long as there is a schoolhouse kept on it and school kept there at the customary times of teaching'.

"These words are either a merely reiterated and repeated desire of user, or they constitute a special limitation of the estate. Apt and proper words for the purpose of creating a special limitation are made use of, and, except for an inclusion of an express right of reverter, it is somewhat difficult to see how a grantor could have more concisely and effectually declared such intent. *The fact that the possibility of reverter is not expressly mentioned and reserved to the grantors is not a material circumstance, for such possibility of reverter is a legal consequence of the estate itself,*

rather than a fact which creates the estate. If the possibility of reverter becomes operative and the estate is returned to the grantors, the estate is not restored to the grantors as something conveyed by the reverting clause, but because the fee has ceased to be in the grantees, by reason of the happening of the prescribed event. *Cookman v. Silliman,* 22 Del.Ch. 303, 2 A.2d 166, at page 168.''

That opinion cites seven supporting cases from other States. (Emphasis ours.)

Appellant cites *Walker v. Shelby County School Board,* 150 Tenn. 202, 263 S.W. 792, where the language was ''for public school purposes,'' but did not have any such expression as ''so long as'', etc.; *Nashville, C. & St. L. Ry. v. Bell,* 162 Tenn. 661, 39 S.W. 2d 1026, 1028, which contains the language ''for railroad purposes only'' in the habendum clause; and *Boyd v. Ducktown Chemical & Iron Company,* 19 Tenn.App. 392, 396, 89 S.W.2d 360.

These cases are not in point because they simply contain merely an expression of the purpose for which the grant was made, which under all authorities is not sufficient to create a determinable fee. We are therefore constrained to hold that the estate in this case was a determinable fee. The only other question raised by the assignment of error is that appellant seeks to rely upon the first section of the Act of 1819, T.C.A. sec. 28-201, that is the seven year statute to create a title in fee. Since there is absolutely no evidence of any grant from this State or the State of North Carolina, this assignment be overruled.

The decree below is affirmed.