PORTER WILLIAMSON et al., Appellants,

*v.*

DR. ALLEN GRIZZARD et al., Appellees.

387 S.W.2d 807.

(*Nashville,* December Term, 1964.)

Opinion filed March 4, 1965.

HOOKER, KEEBLE, DODSON & HARRIS, Nashville, for appellants.

ERNEST C. MATTHEWS, III, Nashville, for appellees.

MR. JUSTICE WHITE, delivered the opinion of the Court.

The complainants, appellants here, in this case are the Trustees and the Manse Committee of the Cumberland Presbyterian Church at Goodlettsville. The appellees, defendants below, are two of the heirs at law of R. W. Grizzard and wife, Annie E. Grizzard, as well as some of the heirs at law of L. Hinton Grizzard and wife, Elizabeth Grizzard. The unknown heirs of both R. W. Grizzard and

546

wife, and L. Hinton Grizzard and wife were made parties defendant to the suit.

This suit concerns a provision of a deed by which, many years ago, R. W. Grizzard and wife conveyed certain described property to the Cumberland Presbyterian Church at Goodlettsville. The provision reads as follows:

"To have and told [and to hold] said lot with the improvements and everything pertaining thereto to the said church forever. Provided the following conditions are complied with, said lot of land with improvements thereon is to be used by said church as a parsonage and to be known as L. Linton [Hinton] and Elizabeth Grizzard Memorial Parsonage. Should said property cease to be needed as a parsonage for said Church, said property may be rented or leased and the proceeds realized therefrom may be applied to the support of a pastor or pulpit supply for said church. Should said property be used for any other purpose than above specified or should it cease to be used for the purposes above specified for a period of five consecutive years, then this conveyance to said church will be null and void and title to said property will become vested in the heirs at law of the said L. Hinton Grizzard, deceased, or their legal representatives."

The bill alleges that the property in question had been used for a church manse or parsonage for many years. The church parsonage had previously been located in a residential area, however, it is now surrounded by purely commercial property which makes it unsuited for the intended use, i. e. a church manse.

Appellants seek to have the property sold free of the aforesaid provision with the express understanding that

the proceeds of the sale be re-invested in another manse or parsonage for the Goodlettsville Cumberland Presbyterian Church to be known as the L. Hinton and Elizabeth Grizzard Memorial Parsonage, which new parsonage would be located in a more desirable residential district, the deed to such parsonage to contain the same provisions as to reversion as does the deed in question.

A demurrer was filed to the bill by the appellees (defendants), which was sustained by the chancellor on the following grounds:

(1.) The court has no jurisdiction to divest the defendants of their rights in and to the property described in the bill and to create for them the same rights in other property without their consent.

(2) The deed contained in the bill creates the rights of the parties, and the interest of these defendants cannot be divested without their consent and approval.

(3) The bill seeks to enforce a penalty of forfeiture against the defendants by divesting them of their interest in the property, without their consent.

From the unfavorable ruling of the chancellor the complainants applied for and obtained a writ of error from the author of this opinion, under authority of T.C.A. sec. 27-601 et seq.

■ Errors to the action of the chancellor have been assigned which present the basic question for our determination, i. e., whether, in light of the habendum provision of the deed, the law permits the sale of the described land with its restrictions and reversionary interests, and the subsequent reinvestment in a new tract of land which would be used for the same purposes and

contain the same reversionary interests which the present deed contains.

■ It is the well accepted rule in this State that in attempting to determine the estate conveyed in a deed, we must examine the deed to determine the intention of the parties, or in this case the intention of the grantors. *Thompson v. Turner,* 186 Tenn. 241, 209 S.W.2d 25 (1948); *Mountain City Missionary Baptist Church v. Wagner,* 193 Tenn. 625, 249 S.W.2d 875 (1952); *Bennett v. Langham,* 214 Tenn. 674, 383 S.W.2d 16 (1964).

We think it is clear that the intention of the grantors in this case was to give their property to the church so long as it was used for church purposes and, then, when not so used, the property was to revert to the grantors, or their heirs. The language of the deed is that

"* * * should said property be used for any other purpose than above specified * * * then this conveyance to said church will be null and void and title to said property will become vested in the heirs at law of the said L. Hinton Grizzard, deceased, or their legal representatives."

Thus, it appears that the deed by which the described property was conveyed did not create an absolute title in fee simple. The provisions of the deed clearly show that the church's estate was and is limited, and might be termed a determinable fee or fee simple on condition subsequent, both of which estates are recognized by the property law of this State. *Yarbrough v. Yarbrough,* 151 Tenn. 221, 269 S.W. 36 (1924); *Board of Education v. Baker,* 124 Tenn. 39, 134 S.W. 863 (1910); *Banner Baptist Church v. Watson,* 193 Tenn. 290, 246 S.W.2d 17 (1952); *Mountain City Missionary Baptist Church v. Wagner,* supra.

██ ██ Of course, the result is the same in this case whether the estate created constituted a determinable fee or a fee simple on condition subsequent. If the deed created a determinable fee, it left in the heirs of the grantors a possibility of reverter. If it conveyed a fee simple on condition subsequent, it left in the grantors a right of re-entry. The only distinction between the two future interests is, in a determinable fee, upon the happening of the condition, the grantee's estate automatically terminates and the entire fee simple title reverts to the grantors or their heirs. If the estate created is a fee simple on a condition subsequent, some act of re-entry on the part of the grantors or their heirs is necessary upon the happening of the condition, to re-vest title in the grantors or their heirs. *Atkins v. Gillespie,* 156 Tenn. 137, 299 S.W. 776 (1927).

It is the contention of the appellants that under their proposal the conditional aspects of the habendum clause of the deed would not be disregarded or ignored. The proposal is merely to substitute a new parcel of land which would have the same conditions and reversionary interests as the original deed. Thus, so the appellants reason, the grantors' charitable purpose could be fulfilled and at the same time the appellants would retain their reversionary interests in a tract of land of equal value.

Appellants cite as authority for their position the case of *Banner Baptist Church v. Watson,* supra. The deed involved in that case conveyed the land to the church to be used for church purposes with the proviso that if it should cease to be so used, the land would revert to the grantor's daughter. The Court held that the ousting of the church from the land by the State in the exercise of its sovereign power of eminent domain was not an abandon-

ment of use for church purposes by the church. Therefore, the trustees of the church received the funds from the eminent domain proceedings as a substitute res.

Likewise, appellants rely on the Kentucky case of *Lutes v. Louisville & N. R. Co.*, 158 Ky. 259, 164 S.W. 792 (1914), quoted with approval in the Banner Baptist Church case. That case held that where a railroad undertakes proceedings to condemn church property, the property donated for church purposes does not revert to the heirs of the grantor. Rather, the heirs' reversionary interest will be transferred to the property purchased from the proceeds of the donated property.

We are of the opinion that both of the above cases are distinguishable from the case at bar. We think the line of demarcation is that in both cases the sale of land was involuntary as condemnation proceedings either were eminent or had already been undertaken. There is no threat of condemnation in the case at bar, and any sale of land by the church would have to be termed voluntary. While the growth of the community may have affected the property, we think that the environmental change is not analogous to a condemnation or threatened condemnation situation.

Our interpretation of the grantors' intent is that they wished the church to use the land so long as it had a use for it, and then desired thereafter that their heirs receive the benefit therefrom. It appears from the bill that the described land may have served its usefulness to the church, and we conclude that the heirs should receive the land in accordance with the clear, intent and wish of the grantors, provided, of course, the church fails to use the land for the purposes specified in the deed.

We think the chancellor was eminently correct in relying on the case of *Mountain City Missionary Baptist Church v. Wagner,* supra, in sustaining the demurrer. In that case the grantor conveyed to the trustees of a church certain property to be used for church purposes, with a clause limiting the estate in much the same language as is found in the case at bar. The trustees of the church filed a bill to eliminate the condition of the deed so that the church might erect a new building and borrow money thereon. The Court held the estate created was a determinable fee, refused to overlook the conditional limitations of the deed, and stated:

"When we thus read the deed, as a whole, we find that the unmistakable and clear intention of the grantor was to give this property to the church so long as it was used for church purposes and then when not so used the property was to revert to the grantor or his heirs." 193 Tenn. at 628, 249 S.W.2d at 876.

\* \* \* \* \* \*

"For the reasons heretofore stated we think that the deed in question created a valid determinable fee and that this cannot be considered a cloud on the title, and that we as a Court have no right to disturb this clause as created by the parties when the deed was made." 193 Tenn. at 630, 249 S.W.2d at 877.

We think the above case is controlling in this matter. Appellants, however, seek to distinguish this case contending that it is not their intention to destroy the possibility of reverter, but merely to sell the present land and re-invest in other property and to which the reversionary interests of appellees would be transferred.

Appellants' position is untenable. The practical effect of such a plan would be to severely limit the reversionary

rights of the appellees. And also, the reversionary interest of the appellees was created in the particular tract of land described in the deed. A substitute parcel of land might be much less desirable to them in the event of an exercise of the reversionary rights, and it would be an obvious usurpation of the appellees' rights to permit the substitution.

Likewise, if the law allows the substitution, the church might, in subsequent years, sell and re-invest again, and again. In so doing, the probability of the appellees coming into their reversionary interests would be greatly reduced, if not done away with.

Such reasoning, in effect, would be to completely ignore the conditional aspect of the deed, and we are unwilling to do so. The intention of the grantors is clear and should not be deviated from. If the property ceases to be used for the purposes set forth in the deed, then the property reverts to the heirs of the grantors as expressly provided in the deed.

The chancellor is affirmed.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.