In re the ESTATE OF Dorothea JACKSON, Deceased.

EASTMINISTER PRESBYTERIAN CHURCH, Appellee,

v.

Donald E. THOMPSON, Audrey T. Allen, Mattie Jewel Latham, William W. Dawson, Woodsie Huffaker, Thelma Townsend, Pat Gillentine, Joseph G. Beasley, Doris G. Kitchens, and Carolyn Stevens (The Heirs of Dorothea Jackson), Appellants.

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 2, 1990.

Rehearing Denied July 30, 1990.

Application for Permission to Appeal Denied by Supreme Court
June 11, 1990.

Mack H. Cherry, Madison, for appellee.

B. Anthony Saunders, Denney, Lackey & Chernau, Nashville, for appellants.

## OPINION

LEWIS, Judge.

The issue in this case is whether the Will of Dorothea Jackson, deceased, contained a residuary clause so that a $102,000 Certificate of Deposit (CD) passed to the Eastminister Presbyterian Church.

The appellants, heirs of Dorothea Jackson, have appealed, insisting that the trial court erred in holding that the last sentence of Item V of the Will operated as a residuary clause.

The pertinent portions of the Will are as follows:

### IV.

I have not made a devise or bequest to any of my relatives in this will because they are all financially secure in their own right and do not need any little thing I have to offer, therefore, they are not to try to change or break this will at any time or in any way. They now have and always had my love, concern and best wishes throughout my life with many gifts at times during my days of living, so I wish them each and everyone the very best throughout their lives.

### V.

I direct that my Executor shall allow the members of my family to select such item or items from my clothing, jewelry, household goods, personal effects and all other tangible personal property not otherwise specifically bequeathed, except securities and cash on hand or on deposit, as each of them may desire or want for their use and possession. The selection must be submitted to my Executor in writing, within thirty days of my death and the decision of my Executor shall be final as to which person receives which item or items and subject to the approval or disapproval of no person whomsoever. *In the event there is any of said personal property remaining, my Executor is directed to sell the remaining property at public or private sale, as deemed most appropriate by my Executor, and the proceeds therefrom shall be paid to the Eastminister Presbyterian Church, hereinabove referred to.* (emphasis added).

It is elementary that "[w]here the will contains no residuary clause, it makes no disposition of the personal property of the estate other than that which is specially bequeathed." *Pritchard on Wills and Estates*, Vol. 1 § 464 p. 569 (4th ed.1983). Where there is no residuary clause, property not specifically bequeathed in the will passes as if the deceased died intestate. *See Pinkerton v. Turman*, 196 Tenn. 448, 268 S.W.2d 347 (1954); *Bedford v. Bedford*, 38 Tenn.App. 370, 274 S.W.2d 528 (1954).

The Will does not contain a residuary clause and there was no specific bequest of the CD. Unless the last sentence of Item V can be construed as a residuary clause as to the CD and other securities and cash, then Dorothea Jackson died intestate in regard to those items.

The trial court, in holding that Eastminister Presbyterian Church should receive the CD, stated as follows:

The Court agrees with the representatives of the Eastminister Presbyterian Church that the testatrix intended for the Church to be the beneficiary of any residual estate which exists. It is clear that the testatrix under Section V did not intend for her relatives to take any "securities, cash on hand or on deposit"; however, it did allow them to take "all other tangible personal property not otherwise specifically bequeathed." Section V also passed to the Church any personal property not selected or taken by any relative. Furthermore, the Court believes that the statement in the first lines of Section IV that, "I have not made a devise or specific bequest to any of my relatives in the will because they are

financially secure in their own right and do not need any little thing I have to offer ..." is another example of the intent of the testatrix to give her Residual Estate to the Church, and that the testatrix did not intend for her relatives to take more of her estate than what was specifically provided in the Will.

It can readily be seen that the trial court based its holding on (1) that Item IV of the will disinherited the heirs other than the personal property they were allowed to take under item V, and (2) that the last sentence of Item V operated as a residuary clause.

We respectfully disagree with the trial court.

Item V is clear. By the first sentence, the testator's heirs are allowed "to select ... items from my clothing, jewelry, household goods, personal effects, and all other tangible personal property not otherwise specifically bequeathed, except securities and cash on hand or on deposit." Securities, cash on hand or on deposit are specifically excluded from the items heirs may select.

The third sentence of Item V states that any of *"said* personal property" that the heirs do not select is to be sold by the executor and the proceeds from the sale are to "be paid to Eastminister Presbyterian Church." (emphasis added).

▪ Every word used by a testator in a will is presumed to have some meaning. *Third Nat'l Bank v. Stevens,* 755 S.W.2d 459 (Tenn.App.1988). Grammatical construction of a will shall prevail unless there is a clear intent to the contrary. *See Jones v. Donelson,* 37 Tenn.App. 467, 264 S.W.2d 828 (1953). Courts may not make a new will or bequest for a testator but must construe what the testator has written and published. *Andrews v. Andrews,* 51 Tenn. (4 Heisk.) 4 (1871).

▪ The rule of *ejusdem generis,* a rule of construction which is adhered to by Tennessee courts, *Pritchard on Wills and Estates,* Vol. 1, § 397 p. 499 (4th ed.1983), provides that where there has been an enumeration of particular items followed by a sweeping clause comprising all other things under a general description, the scope of the sweeping clause is restricted to things within the description of the same kind with the items enumerated. *Central Drug Store v. Adams,* 184 Tenn. 541, 201 S.W.2d 682 (1947).

▪ The trial court's order states in part: "Section V also passed to the Church any personal property not selected or taken by any relative." This holding omits the word "said" which precedes the phrase in question. The third sentence does not refer to all personal property but rather to "said personal property remaining" after the heirs had selected those items they wanted. "[S]ecurities and cash on hand or on deposit" had already been excluded from the personal property from which the heirs could select.

In order to affirm the holding of the trial court and thereby create a residuary clause from the third sentence of Item V, we must ignore the word "said" in the third sentence of Item V and the reasonable grammatical purpose of the word.

The CD is a part of the "securities and cash on hand or on deposit." Since items in this category were expressly excluded, they did not pass to the church under Item V.

Applying the rule of ejusdem generis, the phrase "other tangible personal property" is limited to "clothing, jewelry, household goods, personal effects and all other tangible personal property not otherwise specifically bequeathed, except securities and cash on hand or on deposit."

▪ We are also of the opinion that the testatrix did not disinherit her heirs.

A testator can disinherit his heirs only by giving his property to others, and mere words excluding the heirs, without an affirmative disposition to others, will not suffice to disinherit them; for the right of a person to disinherit his heirs exists, not as a distinctive or abstract substantive power, but merely as a consequence of the power to leave his estate to others, and while a testator may make

or revoke his will, he can neither make nor unmake a law of the state.

25 Tenn.Jur. *Wills* § 114, p. 242 (1985) (citing *Bradford v. Leake*, 124 Tenn. 312, 137 S.W. 96 (1910)).

There is a partial intestacy in regard to the CD and any other securities and cash not specifically bequeathed.

The judgment of the Chancellor is reversed with costs of the appeal taxed against Eastminister Presbyterian Church and the cause remanded to the trial court for the entry of a judgment consistent with this opinion, the collection of costs, and for any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.