IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 6, 2017 Session

## IN RE ESTATE OF FRANCIS J. KOWALSKI

**Appeal from the Circuit Court for Davidson County**
**No. 14P1972      Randy Kennedy, Judge**

_____

### No. M2017-00533-COA-R3-CV

_____

Thomas Kowalski, Michael Kowalski, John J. Kowalski, and Margaret Kowalski ("Plaintiffs") appeal the February 2, 2017 judgment of the Circuit Court for Davidson County ("the Trial Court") finding and holding, *inter alia*, that the holographic Last Will and Testament of Francis J. Kowalski ("the Will") contained a residuary clause such that Francis J. Kowalski ("Deceased") did not die partially intestate and that the Will granted a conditional life estate in real property located at 2820 Azalea Place[1] ("Azalea Place") in Nashville to Trevor Walker for as long as Walker operates Thrill Building Music, LLC. We find and hold that the Will does not contain a residuary clause and that Deceased died partially intestate. We further find and hold that the Will granted a fee determinable estate in Azalea Place to Trevor Walker for as long as Walker operates Thrill Building Music, LLC. Given all this, we reverse the Trial Court's judgment as to whether the Will contained a residuary clause and modify the judgment to reflect that the Will granted a fee determinable estate in Azalea Place to Trevor Walker for as long as Walker operates Thrill Building Music, LLC.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Reversed, in part; Modified, in part; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which RICHARD H. DINKINS and JOHN W. MCCLARTY, JJ., joined.

E. Reynolds Davies, Jr. and John T. Reese, Nashville, Tennessee, for the appellants, Thomas Kowalski, Michael Kowalski, John J. Kowalski, and Margaret Kowalski.

_____

[1] The Will refers to the property as 2820 Azalea Place. The Estate Inventory refers to it as 2820 Azalea Court. At other places within the record on appeal the property is referred to as 2820 Azalea Avenue. We are unable to determine given the record now before us which address is legally correct. In this Opinion we refer to the property as 2820 Azalea Place ("Azalea Place") as this is how it is referred to in the Will.

Thomas J. Drake, Jr., Nashville, Tennessee, for the appellee, Trevor Walker, Executor of the Estate of Francis J. Kowalski.

## OPINION

## Background

Deceased died on October 28, 2014, at the age of 63, unmarried and survived by neither children nor parents. Trevor Walker filed a petition seeking to have the Will, which was dated October 19, 2014, admitted to probate. Walker is not related to Deceased, but he was named as the executor and as a beneficiary in the Will. The Will also named three of Deceased's nephews, Michael Kowalski, Steven Kowalski, and Matthew Kowalski, and two of Deceased's nieces, Kristen Kowalski and Alexa Kowalski, among others, as beneficiaries. The Trial Court entered an order admitting the Will to probate and appointing Walker as the executor of Deceased's estate ("the Estate"). An Estate Inventory was filed valuing the Estate, which included several parcels of real property located in Nashville, Tennessee, at approximately $775,000.

Plaintiffs filed a complaint for declaratory judgment alleging that the Will did not dispose of all of Deceased's property interests as it did not contain a residuary clause, that Deceased had died partially intestate, and that they are entitled to inherit via intestate succession the portion of the Estate not disposed of by the Will. The Trial Court entered Agreed Judgments finding that Deceased's nephews and nieces named as beneficiaries in the Will had elected not to contest or challenge the relief sought by Plaintiffs and consented to entry of a judgment finding that the Will did not contain a residuary clause. Walker filed an objection to the agreed judgments asserting that he did not sign the agreed judgments and did not agree to the findings of fact and conclusions of law contained therein. Plaintiffs filed a response to Walker's objection alleging that the agreed judgments are limited to the interests stated therein and do not defeat any interest Walker may establish to the Estate.

Walker filed a motion seeking approval of expenditures to preserve the real property at Azalea Place alleging that he had discovered insect damage and water damage. Plaintiffs opposed the motion to approve these expenditures alleging that Azalea Place had passed to them via intestate succession. They also alleged that they were 50% owners of Thrill Building Music, LLC and that Walker had been in possession and control of Azalea Place and had been using it to conduct the business of Thrill Building Music, LLC for 24 months without payment of rent or compensation. The Trial Court entered an order allowing the expenditure of Estate funds to preserve Azalea Place pending construction of the Will.

2

Both Walker and Plaintiffs filed motions for summary judgment seeking construction of the Will. After a hearing on the motions for summary judgment, the Trial Court entered its order on February 2, 2017 finding and holding, *inter alia*, that the language contained in the Will is sufficient for the court to conclude that Deceased's intent was that all of his property was to be disposed of under the Will; that Deceased intended for his estate to be liquidated and disbursed under a category called moneys; that other than specific legacies or bequests, Deceased intended that the residuary of the Estate would be distributed in accordance with the second unnumbered paragraph in the Will; that the Will grants a conditional life estate in Azalea Place to Walker as long as Walker operates Thrill Building Music, LLC; and that Deceased's interest in Big Noodles, Thrill Building, Music, LLC, the Ameriprise Mutual Fund account, and the funds remaining in the Estate fall under the residuary clause contained in the Will. The order dismissed Plaintiffs' complaint, dismissed Walker's counterclaim to the extent that it sought a judgment finding that Walker received Azalea Place in fee simple; and found that the Will disposed of Deceased's entire estate.

Walker filed a motion to alter or amend alleging that pursuant to the agreed orders Deceased's nephews and nieces had agreed that they did not have an interest in the Estate. The Trial Court denied the motion to alter or amend by order entered April 6, 2017. Plaintiffs appealed to this Court.

## **Discussion**

Although not stated exactly as such, Plaintiffs raise several issues which we consolidate into two issues on appeal: 1) whether the Trial Court erred in finding that the Will contained a residuary clause that disposed of all of Deceased's property; and, 2) whether the Trial Court erred in finding the Will conveyed a conditional life estate in Azalea Place to Walker for as long as Walker operates Thrill Building Music, LLC.

The issues raised by Plaintiffs concern the Trial Court's construction of the Will. This Court discussed the standard of review to be applied in cases involving the construction of a will in *In the Matter of the Estate of Milam* stating:

> "The purpose of a suit to construe a will is to ascertain and give effect to the testator's intention." *In re Estate of Eden*, 99 S.W.3d 82, 87 (Tenn. Ct. App. 1995) (citations omitted). "The construction of a will is a question of law for the court." *Briggs v. Briggs*, 950 S.W.2d 710, 712 (Tenn. Ct. App. 1997) (citing *Presley v. Hanks*, 782 S.W.2d 482, 487 (Tenn. Ct. App. 1989)). Accordingly, we review the probate court's conclusions of law *de novo* without affording any presumption of

3

correctness to those conclusions. *In re Estate of Vincent*, 98 S.W.3d 146, 148 (Tenn. 2003) (citing *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)).

"It is the absolute right of the testator to direct the disposition of his property and the Court's [sic] are limited to the ascertainment and enforcement of his directions." *Daugherty v. Daugherty*, 784 S.W.2d 650, 653 (Tenn. 1990) (citing *Nat'l Bank of Commerce v. Greenberg*, 195 Tenn. 217, 258 S.W.2d 765 (1953); *Third Nat'l Bank in Nashville v. Stevens*, 755 S.W.2d 459, 462 (Tenn. Ct. App. 1988)). "The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to it unless it contravenes some rule of law or public policy." *Fisher v. Malmo*, 650 S.W.2d 43, 46 (Tenn. Ct. App. 1983); *see also Briggs v. Briggs*, 950 S.W.2d 710, 712 (Tenn. Ct. App. 1997); *Presley v. Hanks*, 782 S.W.2d 482, 487 (Tenn. Ct. App. 1989). In seeking out the testator's intent, we have several rules of construction to aid us in that effort. However, all rules of construction are merely aids in ascertaining the intent of the testator. *Sands v. Fly*, 200 Tenn. 414, 292 S.W.2d 706, 710 (1956).

In gleaning the testator's intent, we look to the entire will, including any codicil. *Stickley v. Carmichael*, 850 S.W.2d 127, 132 (Tenn. 1992); *Presley*, 782 S.W.2d at 488. The testator's intent is to be determined from the particular words used in the will itself, *Stickley*, 850 S.W.2d at 132, and not from what it is supposed the testator intended. *Briggs*, 950 S.W.2d at 712; *Presley*, 782 S.W.2d at 488; *Fisher*, 650 S.W.2d at 46. "Where the will to be construed was drafted by the testator himself who was not versed in the law and without legal assistance the court in arriving at the intention of the testator should construe the language of the will with liberality to effectuate what appears to be the testamentary purpose." *Davis v. Anthony*, 53 Tenn. App. 495, 384 S.W.2d 60, 62 (1964) (citations omitted). We are also guided by an additional principle of construction; when a decedent undertakes to make a will, we must presume that the decedent intended to die testate, and we must seek to construe the will, where possible, as including all of the testator's property at death. *Davis*, 384 S.W.2d at 62 (citations omitted). The legislature of this state has provided as follows:

> A will shall be construed, in reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, and shall convey all the real estate belonging to the testator,

or in which the testator had any interest at the testator's decease, unless a contrary intention appears by its words in context.

Tenn. Code Ann. § 32–3–101 (2003). Since this statute is in derogation of the common law, it must be strictly construed. *Davis v. Price*, 189 Tenn. 555, 226 S.W.2d 290, 292 (1949); *see also McDonald v. Ledford*, 140 Tenn. 471, 205 S.W. 312, 313 (1917).

\* \* \*

"Every word used by a testator in a will is presumed to have some meaning." *In re Estate of Jackson*, 793 S.W.2d 259, 261 (Tenn. Ct. App. 1990) (citing *Third Nat'l Bank v. Stevens*, 755 S.W.2d 459 (Tenn. Ct. App. 1988)).

\* \* \*

"[F]or the testator's will to be given effect, there must be some evidence of that intent: 'We cannot determine the devolution of estates based upon the mere surmise as to the testator's intention.' " *In re Walker*, 849 S.W.2d 766, 768 (Tenn. 1993) (quoting *Pinkerton v. Turman*, 196 Tenn. 448, 268 S.W.2d 347, 350 (1954)).

*In the Matter of the Estate of Milam*, 181 S.W.3d 344, 353-54 (Tenn. Ct. App. 2005). "[E]very will is *sui geneis* and, therefore, reference to other cases is usually of little assistance." *Estate of Robison v. Carter*, 701 S.W.2d 218, 221 (Tenn. Ct. App. 1985).

We first consider whether the Trial Court erred in finding that the Will contained a residuary clause that disposed of all of Deceased's property. The Trial Court found and held that the second unnumbered paragraph of the Will constituted a residuary clause. This second unnumbered paragraph provides:

In regards to all monies (upon the sale of Sound & Video Creations, Inc. (which [Deceased] owns 50% of), insurance policies and car) [Deceased] would like to divide them as follows. The monies will be equally distributed six (6) ways among my three (3) nephews (Michael Kowalski, Steven Kowalski, and Matthew Kowalski), two nieces (Kristen Kowalski, Alexa Kowalski), and Trevor Walker. All monies must first pay expenses left in [Deceased's] name and an additional $50,000.00 will be used as a stipend at St. Edward's School in Nashville, paying $5,000.00

each year for 10 years for the student that exemplifies as the "best self-made musician." Trevor Walker has specific instructions as to how that shall be evaluated and he is to consult with St. Edward's staff as well as a qualified musician to determine the recipient.

The Trial Court specifically found and held that Deceased "intended that the residuary of his estate fall under and be distributed in accordance with the second unnumbered paragraph on page one of his will, exclusive of properties that he made specific legacies or bequests of." We disagree. Directly after the phrase "all monies" Deceased placed an explanatory phrase in parenthesis, *i.e.*, "upon the sale of Sound & Video Creations, Inc. (which [Deceased] owns 50% of), insurance policies and car . . . ." This phrase clarifies that the "monies" Deceased is disposing of with this specific bequest are to come from the sale of these enumerated items.

Walker argues in his brief on appeal that the phrase in parenthesis is "an afterthought, specific items to not be excluded from the 'all monies' term." Such a construction, however, would render the phrase in parenthesis mere surplus. As "[e]very word used by a testator in a will is presumed to have some meaning," we cannot find that the phrase in parenthesis is a mere afterthought. *In the Matter of the Estate of Milam*, 181 S.W.3d at 354 (quoting *In re Estate of Jackson*, 793 S.W.2d 259, 261 (Tenn. Ct. App. 1990)). If Deceased had intended for his entire estate to be liquidated with the exception of specific bequests, then there would have been no reason for Deceased to include the phrase in parenthesis after the words "all monies." We find and hold that the second unnumbered paragraph in the Will does not constitute a residuary clause.

"Where there is no residuary clause, property not specifically bequeathed in the will passes as if the deceased died intestate." *In re Estate of Jackson*, 793 S.W.2d 259, 260 (Tenn. Ct. App. 1990). We find and hold that no other language contained within the Will constitutes a residuary clause, and that Deceased, therefore, died partially intestate. Although we began our analysis with the presumption that Deceased intended to die testate, a contrary intention appears from the language of the Will. The clear intent of the language used in the Will limits the phrase "all monies" and does not indicate an intent for this language to constitute a residuary clause, and we must give effect to the intention of the testator.

We next consider whether the Trial Court erred in finding the Will conveyed a conditional life estate in Azalea Place to Walker for as long as Walker operates Thrill Building Music, LLC. In pertinent part, the Will provides:

In the event that Trevor Walker wishes to continue running Thrill Building Music, LLC, the company he co-owns with [Deceased], the property at

6

2820 Azalea Place in Nashville will remain as it currently stands, until such time that Trevor indicates that the property will be sold. This, in effect, would put any liquidation plans on an indefinite hold.

The Trial Court found and held that the Will "grants an interest in such property to Trevor Walker, which is tantamount to a conditional life estate, so long as Thrill Building Music, LLC is operated from that location." We disagree. A life estate is tied specifically to the lifetime of a person, and the bequest to Walker of Azalea Place was not tied to anyone's life. Rather, the bequest to Walker was tied to the condition that Walker continue running Thrill Building Music, LLC. As such, Walker does not have a life estate in Azalea Place.

In their brief on appeal, Plaintiffs argue that the Will granted Walker, at most, a license to conduct the business of Thrill Building Music, LLC at Azalea Place "for an undetermined period of time without the grant of any interest or estate in the land." A "'license,' with respect to real estate, is an authority to do a particular act or series of acts on another's land without possessing any estate therein. It is not assignable, and is generally revocable at the will of the licensor." *Collins v. Fugate*, No. E2008-01672-COA-R3-CV, 2009 WL 2341549, at *6 (Tenn. Ct. App. July 30, 2009), *no appl. perm. appeal filed* (quoting *Barksdale v. Marcum*, 7 Tenn. App. 697, 708 (Tenn. Ct. App. 1928)).

We disagree that the Will granted Walker a mere license. The language Deceased used in the Will does not indicate an intent to grant a license as the power to terminate inherent in a license would rest in the licensor's hands, not Walker's, and the language used in the Will indicates that the decision whether to continue to operate Thrill Building Music, LLC at Azalea Place will be Walker's alone. If we were to find that the Will granted Walker only a license to use Azalea Place to operate Thrill Building Music, LLC, then whomever gained title to Azalea Place by virtue of Deceased's death would have the power to terminate said license at any time. Such a scenario does not comport with the language in the Will, which shows a clear intent that the decision to continue to operate Thrill Building Music, LLC is Walker's alone and that any liquidation plans were to be put on hold indefinitely until Walker "indicates that the property will be sold." The language used in the Will does not show that Deceased intended to grant Walker a mere license to use Azalea Place.

As the Will did not grant Walker either a life estate or a license in Azalea Place, we must consider what interest, if any, the Will did grant to Walker with regard to Azalea Place. We have determined that the interest created by the Will was a fee determinable in Walker for so long as Walker continues to run Thrill Building Music, LLC with a reverter to Deceased's heirs when Walker ceases to run Thrill Building Music, LLC.

7

Our Supreme Court has discussed fee simple determinable, or defeasible, estates stating:

> The estate thus created in this deed is a determinable fee. We in this State still recognize such a fee. This Court in *Overton v. Lea*, 108 Tenn. 505, 547, 68 S.W. 250, 260, quoted with approval the following:
>
> > "No rule of law is more firmly grounded than that a fee simple on condition at common law, and a conditional or executory limitation, under the statute of uses, wills, and grants, may qualify or be substituted for a preceding fee simple and reduce it to a determinable fee."
>
> Such "determinable fee" while it continues, has all the incidents of a fee-simple estate, except insofar as these incidents are expressly restricted by the limitation over.

*Mountain City Missionary Baptist Church v. Wagner*, 249 S.W.2d 875, 876 (Tenn. 1952). In *Griffis v. Davidson County Metro. Gov't*, our Supreme Court further explained:

> A fee simple determinable is a fee simple which may endure in the grantee forever, but which is subject to a special limitation that may cause the estate to revert to the grantor. *Yarbrough v. Yarbrough*, 151 Tenn. 221, 269 S.W. 36, 37–38 (1925); 28 Am.Jur.2d *Estates* § 26 (2004). The future interest retained by the grantor of a fee simple determinable is a mere possibility of reverter. *Mountain City Missionary Baptist Church v. Wagner*, 193 Tenn. 625, 249 S.W.2d 875, 876 (1952). A fee simple determinable estate terminates naturally and automatically when the property is no longer used as required. *Commerce Union Bank v. Warren County*, 707 S.W.2d 854, 861 (Tenn. 1986); *Williamson v. Grizzard*, 215 Tenn. 544, 387 S.W.2d 807, 809 (1965). Termination is automatic because the limitation forms part of the estate's very nature. *See Bailey v. Eagle Mountain Tel. Co.*, 202 Tenn. 195, 303 S.W.2d 726, 729 (1957); *Mountain City Missionary Baptist Church*, 249 S.W.2d at 876; 2 *Thompson on Real Property* § 20.02, at 618 (David A. Thomas ed. 1994). Thus, termination and corresponding reversion do "not depend upon any positive act by the heirs. . . ." *Commerce Union Bank*, 707 S.W.2d at 861.

*Griffis v. Davidson County Metro. Gov't*, 164 S.W.3d 267, 274-75 (Tenn. 2005).

Although it is common to see a fee determinable created imposing a condition that the property be used for educational or religious purposes, other types of conditions may be imposed. *See, e.g., Williams v. Estate of Williams*, 865 S.W.2d 3 (Tenn. 1993) (holding that last will and testament created a life estate defeasible or determinable in testator's daughters for so long as they remained unmarried with a remainder to testator's heirs via intestate succession).

The Will granted a fee determinable in Azalea Place to Walker "to continue running Thrill Building Music, LLC . . ." with a reversionary interest to Deceased's heirs upon the happening of either of two specific conditions, *i.e.*, Walker for any reason ceasing to run Thrill Building Music, LLC or the death of Walker as Walker would be unable to continue running the business after his death. Because Deceased failed to make a specific bequest of the reversionary interest in Azalea Place and the Will does not contain a residuary clause, as discussed more fully above, upon the occurrence of either of those conditions, *i.e.*, Walker either ceasing to run Thrill Building Music, LLC or Walker's death, Azalea Place will revert to Deceased's heirs via intestate succession. Although the interest in Azalea Place created in the Will is not a life estate, Walker's interest in Azalea Place will terminate upon Walker's death, if it does not terminate sooner, because the interest is tied to Walker's running Thrill Building Music, LLC, a condition that cannot continue after Walker dies. Given all of the above, the result that effectuates Deceased's intent is a grant of a fee determinable to Walker for so long as Walker continues running Thrill Building Music, LLC with a reverter to Deceased's heirs upon termination of that condition. We, therefore, modify the Trial Court's judgment to reflect that the Will granted a fee determinable estate in Azalea Place to Walker for as long as Walker operates Thrill Building Music, LLC.

## Conclusion

The judgment of the Trial Court holding that the Will contains a residuary clause is reversed. The judgment of the Trial Court holding that the Will granted Walker a conditional life estate in Azalea Place is modified to reflect that the Will granted a fee determinable estate in Azalea Place to Walker for as long as Walker operates Thrill Building Music, LLC. This cause is remanded to the Trial Court for further proceedings as necessary and consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed one-half against the appellants, Thomas Kowalski, Michael Kowalski, John J. Kowalski, and Margaret Kowalski, and their surety; and one-half against the appellee, Trevor Walker, Executor of the Estate of Francis J. Kowalski.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

9