IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 10, 2024 Session

**IN RE ESTATE OF JERRY A. DUNN**

**Appeal from the Probate Court for Shelby County**
**No. PR019439      Joe Townsend, Judge**

———————————————————

**No. W2023-00686-COA-R3-CV**

———————————————————

This is a probate matter which concerns whether a decedent devised his widow a parcel of real estate in fee simple absolute or whether the real property at issue was to be placed in trust for the benefit of decedent's children. The probate court rendered a declaratory judgment determining that decedent devised his widow the parcel in fee simple absolute. For the reasons stated herein, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court**
**Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

L. Daniel Johnson and W. Michael Lakey, Memphis, Tennessee, for the appellants, Leslie Dunn Harjung, Steven Daniel Dunn, and David Dunn.

Holly Brewer Palmer and R. Scott Vincent, Memphis, Tennessee, for the appellee, Beverly Dunn.

**OPINION**

**BACKGROUND AND PROCEDURAL HISTORY**

Jerry A. Dunn ("Decedent") died on April 3, 2021. Beverly A. Dunn ("Ms. Dunn"), Decedent's widow, subsequently found a document dated February 15, 2021, among Decedent's belongings which she submitted for probate as Decedent's will ("Will"). Thereafter, the Will was admitted to probate, and Ms. Dunn filed a verified petition for declaratory judgment requesting the trial court to construe Article IV of the Will which states as follows:

> I give, devise and bequeath solely to my wife, BEVERLY ANN DUNN, my farm located on Deadfall Road, Arlington, TN, for her to dispose of as she deems proper and to distribute some of the proceeds to my children, Leslie Dunn Harjung, David Dunn and Steven Dunn, and to my step-children Robert Logan and Angela Logan Pickett.

In her petition, Ms. Dunn argued that the language of Article IV in the Will should be construed as devising the farm at Deadfall Road ("Farm") to her in fee simple absolute.

Leslie Dunn Harjung, David Dunn, and Steven Dunn ("Descendants") are the biological children of Decedent but are not related to Ms. Dunn. The Descendants filed a response to Ms. Dunn's petition arguing that Article IV of the Will should be construed as placing the Farm in a trust and alleging that the Will appoints Ms. Dunn as trustee responsible for selling the Farm and making distributions to the Descendants from the proceeds. In a subsequent memorandum of law, the Descendants highlighted that Ms. Dunn's position that Article IV devises the Farm to her in fee simple absolute would effectively disinherit them. They further contended that the Will does not include language indicating Decedent intended to specifically disinherit his children. The Descendants concluded that, because the Will does not specifically disinherit them, Article IV's ambiguity must be resolved in favor of the Descendants, as Decedent's heirs.

On April 12, 2023, the trial court entered an "Order Granting Verified Petition for Declaratory Judgment," concluding that Decedent's intent in Article IV of the Will was to devise the Farm to Ms. Dunn in fee simple absolute. Highlighting Article IV's language, the trial court determined that the use of the words "give, devise, and bequeath" and "solely" demonstrated an intent to devise the Farm to Ms. Dunn in fee simple absolute. Additionally, the trial court noted that the Will did not use typical limiting language, such as "life estate."

The trial court further rejected the Descendants' construction of "dispose of" to strictly mean disposition by sale. Instead, it determined that the language "for her to dispose of as she deems proper" implies unencumbered ownership. In support of this interpretation, the trial court noted that "dispose of," as defined in both Black's Law Dictionary and the Merriam Webster Legal Dictionary, contemplates disposition by will, in addition to disposition by sale. In light of the foregoing, the trial court reasoned that Decedent's intent must have been to devise the Farm in fee simple absolute to permit Ms. Dunn the ability to dispose of the property pursuant to her will.

In its conclusion, the trial court acknowledged that Article IV also states that Ms. Dunn was to "distribute some of the proceeds" to the Descendants. However, it determined that "the dominant language weighs heavily in favor of construing the Decedent's predominant intent in Article IV to be a devise of property to Petitioner [Ms. Dunn] in fee simple absolute." Furthermore, the trial court found that the language lacked a definitive

percentage of distribution to the Descendants, concluding that such an omission provided Ms. Dunn unlimited discretion regarding any distribution to the Descendants.

The Descendants now appeal from the trial court's decision in connection with the declaratory judgment.

## ISSUE PRESENTED

In their appellate brief, the Descendants present the following issue for this Court's review, restated herein:

1. Whether the language of the Will should be construed to disinherit the Descendants, or whether it created a trust of which the Descendants are beneficiaries?

## STANDARD OF REVIEW

"When this Court is called upon to construe a will, and there is no dispute in the evidence as to any material fact, then the question on appeal is one of law. Accordingly, our review is de novo with no presumption of correctness accompanying the lower courts' conclusions of law." *In re Estate of McFarland*, 167 S.W.3d 299, 302 (Tenn. 2005) (citations omitted). In particular, the issue of whether an heir has been disinherited is a question of law. *In re Estate of McKinney*, No. M2021-00703-COA-R3-CV, 2022 WL 2071748, at *3 (Tenn. Ct. App. June 9, 2022).

## DISCUSSION

"The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to it unless it contravenes some rule of law or public policy." *In Re Estate of Kowalski*, 574 S.W.3d 872, 876 (Tenn. Ct. App. 2018). A testator may disinherit an heir by express words or by necessary implication arising from their will. *In Re Estate of Eden*, 99 S.W.3d 82, 92 (Tenn. Ct. App. 1995). Disinheritance by necessary implication occurs when a testator leaves all of his property to somebody else. *McKinney*, 2022 WL 2071748, at *5. In the instant case, the question is whether it was Decedent's intent to devise the Farm to Ms. Dunn in fee simple absolute, or if the Decedent intended to devise the Descendants any interest in the Farm.

As for the specific language that is in dispute in this appeal, we note again that Article IV of the Will reads as follows:

> I give, devise and bequeath solely to my wife, BEVERLY ANN DUNN, my farm located on Deadfall Road, Arlington, TN, for her to dispose of as she deems proper and to distribute some of the proceeds to my children, Leslie

Dunn Harjung, David Dunn and Steven Dunn, and to my step-children Robert Logan and Angela Logan Pickett.

The Descendants argue that Article IV should be construed to place the Farm into a trust, from which the Descendants would receive "some of the proceeds." To that end, they contend that Article IV appoints Ms. Dunn as trustee and entrusts her with the responsibility to make distributions to the Descendants.[1]Additionally, because Ms. Dunn's proposed construction leads to the disinheritance of Decedent's children, the Descendants claim that the Tennessee Supreme Court's holding in *McDonald v. Ledford* should guide the construction of the instant Will.

We disagree that the Descendants are entitled to the relief that they seek in this case. As for their invocation of the *McDonald* decision, although the Descendants are correct in that the *McDonald* Court construed a will against the disinheritance of a testatrix's daughter, the dispute itself concerned the distribution of a significant amount of property obtained by the testatrix some years *after* the execution of her will. *McDonald v. Ledford*, 205 S.W. 312, 314 (Tenn. 1918). Notably, the *McDonald* Court found that the testatrix did intend to disinherit her daughter from receiving any property that the testatrix had at the time she executed her will, but that disinheritance did not extend to property the testatrix accumulated after the execution of her will. *Id.* at 314-315. The facts and questions of law confronted by the *McDonald* Court were thus considerably different than the issues presented in the instant case. Moreover, the Tennessee Supreme Court has previously discussed the considerable hazards of applying precedents created pursuant to the interpretation of others' wills.[2] As it is, the particular "function of a suit to construe a will

---

[1] Although we do not base our decision upon the practical problems that may arise from the Descendants' proposed construction, we find it appropriate to emphasize that the Will contains no direction as to what percentage of the proceeds each supposed beneficiary would receive, or when a sale of the Farm would be required. The Descendants failed to provide a helpful structure for their requested trust other than arguing, inexplicably, that "some of the proceeds" means "all of the proceeds" distributed evenly among them. As is manifestly obvious, this interpretation defies even the most generous plain-language reading of Article IV.

[2] To that end, the Tennessee Supreme Court has highlighted certain issues in the application of previous will constructions to subsequent cases:

Although our books, and especially the older ones, are filled with precedents prescribing rules, often of an arbitrary character, for ascertaining the meaning of the testator, the practical common sense of more modern decisions, both in this country and in England, has reached the conclusion stated by Lord Selborne that there can be nothing more certain than that every will is to be construed by itself and not by the wills of other testators; and all the light that can be got from other decisions serves only to show in what manner the principles of reasonable construction have been applied by judges of high authority in cases more or less similar. It is rarely necessary, and seldom beneficial, to go over the precedents on the question of the meaning of testators in other wills. The intention of the testator whose will is under construction is what the court seeks to ascertain, and that is to be gathered from the language he has used.

is to ascertain and effect the intention of the testator," and the "determinative intention is the predominant purpose expressed by the testator in the will." *Williams v. Estate of Williams*, 865 S.W.2d 3, 5 (Tenn. 1993). In construing a will, we must take care to refrain from applying a rule of construction that would subvert the testator's predominant purpose. *Id*.

Of note, in cases concerning a will drafted by a layperson, the words employed by the testator often lack the specificity to engender a clear intent. *See White v. Brown*, 559 S.W.2d 938, 939 (Tenn. 1977). A similar problem undoubtedly stands before us now.[3] Nevertheless, the Tennessee Supreme Court has previously stated that "it is our duty to favor a construction that will effect a quick vestiture of the absolute estate, so far as that construction is possible in light of the testator's declared intent[.]" *Johnson v. Painter*, 225 S.W.2d 72, 74 (Tenn. 1949). To that end, we resolve ambiguities in favor of an absolute estate and against a limitation. *Weiss v. Broadway Nat'l Bank*, 322 S.W.2d 427, 431 (Tenn. 1959).

Here, although we acknowledge that the language of Article IV concerning "proceeds" creates a certain level of ambiguity we nonetheless observe a clear testamentary intent to devise Ms. Dunn the Farm in fee simple absolute. For example, it is certain that the word "solely" evidences an intent to devise the farm to Ms. Dunn in fee simple absolute. We also emphasize that the provision permitting Ms. Dunn to "dispose of [the Farm] as she deems proper" further indicates the intent to devise the property in fee simple absolute. Indeed, "[t]he absolute ownership of property is the unrestricted power to dispose of it at one's discretion. A person having unlimited power to dispose of property is the owner of the property and absolute ownership is inconsistent with a limitation over." *Id*. We observe that the Descendants' proposed trust would clearly limit Ms. Dunn's capacity to dispose of the property as she sees fit. For instance, let us assume Ms. Dunn wishes to dispose of the Farm by donating the property to a charity of her choosing. Under our understanding of the testamentary language, Ms. Dunn's unrestricted power to dispose of the Farm would permit such a charitable donation. However, if we were to conclude the Descendants were owed proceeds from a required sale of the Farm, Ms. Dunn would necessarily be prohibited from donating the Farm to charity.

With all of the above in mind, we conclude that construing the Will against the disinheritance of the Descendants via creation of a trust for their benefit would subvert the predominant testamentary intent. Because Ms. Dunn's unrestricted ownership of the Farm effectuates Decedent's intent as expressed in the Will, we conclude that the trial court was

---

*Williams v. Estate of Williams*, 865 S.W.2d 3, 5 (Tenn. 1993) (quoting Harry Phillips & Jack W. Robinson, *Pritchard on Wills and Administration of Estates* § 387, at 492–93 (4th ed. 1983)).

[3] In this case, the record reflects that the Will was drafted by Decedent without the assistance of a lawyer.

correct in determining that the Will devised Ms. Dunn the Farm in fee simple absolute.[4]

## CONCLUSION

For the foregoing reasons, the trial court's judgment in this matter is affirmed.


                                            s/ Arnold B. Goldin
                                            ARNOLD B. GOLDIN, JUDGE

---

[4] Finally, Ms. Dunn has requested an award of attorney's fees pursuant to Tennessee Code Annotated section 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. Although we note initially that we are of the opinion that this appeal is neither frivolous nor taken solely for delay, we further observe that Ms. Dunn did not raise the matter of attorney's fees as an issue in the statement of the issues for appellate review. Independent of its merits, therefore, the request for attorney's fees is subject to waiver. *Mathes v. N.J. Ford & Sons Funeral Home, Inc.*, 680 S.W.3d 208, 213-14 (Tenn. Ct. App. 2023); *Gibson v. Bikas*, 556 S.W.3d 796, 810 (Tenn. Ct. App. 2018).